## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Alice K. Dollins

v.

Michael Wayne Lowry
and United States of America

September 18, 1990

Case No. (Law) 4571

By JUDGE JAY T. SWETT

This matter is before the court on defendant's motion to dismiss. The relevant facts to decide defendant's motion are as follows.

On July 3, 1990, Alice K. Dollins, f/k/a Alice Cecelia Krick Lowry, instituted a garnishment action against her former husband, Michael Wayne Lowry. At the time of the filing of the garnishment suggestion, Ms. Dollins was living in Charlottesville. Mr. Lowry, a member of the United States Air Force, was living in San Antonio, Texas. The named garnishee was the United States of America. Service on the garnishee was requested to be on the "Commander, USAFAC Attn: FINCL-G, Fort Harrison, Indiana." The suggestion filed by Ms. Dollins claimed a judgment due of $17,133.54, based upon an order entered September 19, 1980.

Service of the garnishment summons on Mr. Lowry was on the Secretary of the Commonwealth. The affidavit for service of process claimed that he was a non-resident of Virginia and that service on the Secretary was appropriate under Virginia Code § 8.01-328.1(A)(8)(ii). The affidavit returned by the Secretary showed that the garnishment summons was mailed to Mr. Lowry in San Antonio, Texas,

and to the United States Air Force in Fort Harrison, Indiana, on July 26, 1990.

Mr. Lowry has filed a motion to dismiss the garnishment proceedings based on (1) lack of personal jurisdiction, (2) lack of subject matter jurisdiction, and (3) lack of jurisdiction to grant the specific relief requested. A hearing was held on August 28, 1990. During the hearing, it was represented that the judgment order of September 19, 1980, referred to in the garnishment summons arose out of divorce proceedings between Ms. Dollins and Mr. Lowry in the Circuit Court of Montgomery County, Maryland. Either through a separation agreement or an order issued by the Circuit Court of Montgomery County, Mr. Lowry was ordered to pay support to Ms. Lowry. Arrearages accumulated to the extent that an order was entered by the Maryland court on September 19, 1980, granting judgment against Mr. Lowry in the amount of $17,133.54. Mr. Lowry has filed an affidavit in this proceeding stating that he never received any pleadings or documents relating to the divorce action pending in Maryland. Ms. Dollins represents to this court that the evidence would show that proper service was made on Mr. Lowry and that the Maryland judgment is valid. As will be indicated, this court does not need to address that issue.

Assuming for purpose of argument that the Maryland judgment is valid against Mr. Lowry, the principal issue is whether this court has personal jurisdiction over Mr. Lowry in a garnishment action which seeks to enforce the Maryland judgment. This court concludes that it does not.

First, the court does not agree with Ms. Dollins that a garnishment action is an *in rem* as opposed to an *in personam* action. In *Butler v. Butler*, 219 Va. 164, 166 (1978), the Virginia Garnishment statute was deemed an action *in personam*. While the precise issue in *Butler* was whether the action was a personal action as against a garnishee, there is no reason to believe that the same would not apply as against the judgment debtor.

Ms. Dollins's affidavit requesting service on Mr. Lowry relied on Virginia Code § 8.01-328.1(A)(8)(ii) as a basis for personal jurisdiction. That section grants personal jurisdiction over a person who has been "ordered to pay spousal support or child support pursuant to an order entered by any court of competent jurisdiction in

this Commonwealth having *in personam* jurisdiction over such person . . . ." Ms. Dollins argues that she has complied with this requirement by registering the Maryland support award in the Juvenile & Domestic Relations District Court for the City of Charlottesville pursuant to the provisions of § 20-88.30:5. However, registering the Maryland support order pursuant to the Revised Uniform Reciprocal Enforcement of Support Act (RURESA) does not grant a Virginia court personal jurisdiction over a nonresident. In *Stevens v. Stevens*, 229 Va. 610 (1985), the Supreme Court ruled in a similar case that registration of a foreign support decree in Virginia, even coupled with personal service on the defendant in a foreign jurisdiction, is not sufficient to create *in personam* jurisdiction over the defendant in Virginia. *Stevens*, 229 Va. at 619.

Here, there is no claim that Mr. Lowry was a resident of Virginia or had any personal contacts with the Commonwealth of Virginia to support a claim of personal jurisdiction. Absent such personal contact with this Commonwealth, this court may not enforce a garnishment suggestion against Mr. Lowry without violating fundamental principles of due process.

Accordingly, Mr. Lowry's motion to dismiss for lack of personal jurisdiction is granted.