## CIRCUIT COURT OF LOUDOUN COUNTY

Brownell

    v.

Fort Beauregard
Development Corp. et al.

January 9, 1995

Case No. (Law) 15250

BY JUDGE THOMAS D. HORNE

In the instant garnishment proceeding, Plaintiff seeks recovery from the Town of Leesburg for water and sewer availability fees paid by the debtor in connection with its development of land within the Town and the issuance of Public Facilities Permits for subdivided lots. He suggests that as assignee of the permits, he is entitled to have the Town revoke the permits and issue him a refund for prepaid and unissued water and sewer fees.

Mr. Brownell does not now, nor has he at any time in the past, owned the unimproved subdivision lots for which the fees were paid and permits issued. At the time of the execution of the garnishment summons, the property was no longer owned by the original debtor applicant. The permits were levied upon by a third party judgment creditor and then assigned to the Plaintiff.

While the papers filed by the parties raise several issues, the only one presently before the Court for consideration concerns whether there is:

> by reason of the lien of . . . [a judgment creditor's] . . . writ of
> fieri facias . . . a liability on . . . [the Town] . . . . § 8.01-511,
> Code of Virginia.

Thus, there is a threshold question to be answered as to whether there is a debt or property owed the judgment creditor in the hands of the Town.

Ordinarily, the only issues to be adjudicated in a garnishment proceeding are whether the garnishee is liable to the judgment debtor, and if so,

the amount due. *Butler v. Butler*, 219 Va. 164 (1978). Counsel have agreed to initially argue whether, as a matter of law, there exists any liability on the part of the Town to the debtor who originally applied for, and received, the permits. No such liability could be found to exist if the prepaid water and sewer availability fees are found appurtenant to, and running with, the land.

Counsel for the Town suggests that such fees are appurtenant to the land for which they are paid. Thus, entitlement to a refund is predicated upon a party's having both made a request for a revocation of the permit and having an interest in the property for which the permit was issued.

Mr. Brownell correctly states that in asserting his garnishment claim, he steps into the shoes of the debtor. Just as the creditor is entitled to recovery against the garnishee for a liability to the debtor, such relief is not otherwise enlarged by reason of an assignment of the debt to a third party.

The Plaintiff argues that the fees charged the developer are not for a service. Instead, they reflect only an entitlement to water and sewer availability. He notes that the legislature has not, as they have in the case of proffers, expressly mandated that such fees run with the land.

It is the contention of the Plaintiff that availability fees are a license. Thus, the right to receive a refund is personal to the applicant and does not run with the land.

Plaintiff asserts that were the Town to refuse a refund, it would deprive him of a property interest without due process and just compensation in violation of the Virginia Constitution. Furthermore, he asserts that such a withholding of availability fees would constitute a tax, exceeding the statutory authority of the Town to exact charges for water and sewer service. Lastly, he construes the provisions of the Town Code as implicitly authorizing a refund in the instant case.

At the time of the issuance of the permits, the landowner acquired a reservation for water and sewer services for each lot. He receives an immediate benefit in the form of being assured of utility access for the parcel to be improved. As the Town notes, those provisions of the Town Code relevant to the issuance of Public Facilities Permits and payment of availability fees are silent on when, if at all, an applicant is entitled to receive a refund. §§ 15-14, 19-23, Town Code, Town of Leesburg. The court disagrees with the position of Plaintiff that by specifically denying a refund of availability fees to a person upon "abandonment or discontinuance of a sewer system or the reduction of sewer system," the Town, by

implication, has authorized a refund to a person who has no interest in the property and who wishes to return the permits and receive a refund.

Without ownership of the property, the applicant to whom the permit is issued makes an investment for which he may expect no greater return than the amount invested. The intent of the Town in providing for such fees was to insure a reasonable and systematic way of allocating and financing water and sewer resources. The peculiar value of such permits is in the access rights granted the owner applicant. The value of the land is either enhanced or diminished as a result of the availability of sewer and water. There is no enhancement in value to the permit itself.

As counsel for the Town has observed, the Town is not restrained by specific statutory grant in fashioning reasonable approaches in providing water and sewer service to its customers. *Tidewater Homebuilders v. City of Virginia Beach*, 241 Va. 114 (1991). Availability fees and the Public Facilities permitting process are such a reasonable means.

The instant fee is not a tax. *Cf., Southern Railway Co. v. City of Richmond*, 175 Va. 308 (1940).

In conclusion, the Court finds that the right to seek a refund from the Town is not the proper subject of garnishment in this case. Accordingly, the garnishment will be dismissed and the case removed from the docket.