Richmond

JOSEPHINE T. BUTLER

v.

FLOYD H. BUTLER, JR.

August 31, 1978.

Record No. 770330.

Present: All the Justices.

*James W. Korman (Barbara DuCote Webb; Kinney, Smith & Korman,* on brief) for appellant.

*John W. Purdy (Gattsek, Tavenner, Rosenfeld & McConnell,* on brief) for appellee.

PER CURIAM.

Following their marital separation, Floyd H. Butler, Jr., and Josephine T. Butler executed a property settlement agreement. In April 1963, the wife sued for divorce. This suit and a separate action at law seeking judgment for arrearages under the agreement were consolidated with a suit for divorce instituted by the husband in August 1974. The decree entered in the consolidated cases on September 1, 1976, awarded the husband a no-fault divorce, "ratified, approved and incorporated" the provisions of the agreement relating to support and maintenance, and awarded the wife judgment against the husband in the sum of $57,950 representing total arrearages then due under the agreement. The wife then instituted garnishment proceedings against the husband and, *inter alia,* the United States, suggesting liability for certain Marine Corps retirement benefits. By order entered November 12, 1976, the trial court sustained the husband's motion to quash the summons on the ground that the judgment for arrearages entered in the consolidated cases "does not constitute alimony within the meaning of 42 U.S.C. Sec. 659."*

This ruling by the trial court is the predicate for the only issue raised on the wife's appeal. The wife argues that the judgment for arrearages for support and maintenance, while not "alimony" as it has been defined by this Court, constitutes a "legal obligation" within the legislative intendment of the federal statute waiving sovereign immunity for purposes of garnishment of federal payments.

As persuasive as the wife's arguments may be, we must defer decision on this question and grant the husband's motion to dismiss the writ.

In Virginia, garnishment is regarded, not as a process of execution to enforce a judgment, but as an independent suit by the judgment-debtor in the name of the judgment-creditor against the

---

* At the time this order was entered, 42 U.S.C. § 659 read as follows:

Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

garnishee. *Levine's Loan Office v. Starke,* 140 Va. 712, 714, 125 S.E. 683, 684 (1924). Ordinarily, the only adjudicable issue is whether the garnishee is liable to the judgment-debtor, and if so, the amount due. *Fentress v. Rutledge,* 140 Va. 685, 687-88, 125 S.E. 668, 669 (1924). Here, aside from that issue, the garnishment suit raised the legal question whether the garnishee, as sovereign, was immune from garnishment, a question in which the United States had a litigable interest. Clearly, the United States was an indispensable party to the suit in the court below, was joined as such, and, as counsel agreed on oral argument, was duly served with process. Yet, although the trial court decided the issue in favor of the husband and the United States, the wife did not name the United States in her notice of appeal or serve a copy of her petition for appeal upon the United States.

The Virginia garnishment statute "plainly contemplates only a personal judgment" against the garnishee. *Bickle And Others v. Chrisman's Adm'x, &C.,* 76 Va. 678, 692 (1882). The District of Columbia also regards garnishment as a suit *in personam* against the garnishee. There, the court dismissed an appeal for non-joinder of the garnishee:

> When a motion to quash is granted the garnishee is no longer before the court and is relieved of the duties and obligations incident to the attachment. Appellant is asking us to reverse the order quashing the writ, the effect of which would be to bring the garnishee back into court and subject him to imposition of a personal judgment. Clearly, the garnishee is a necessary party to this appeal.

*Palmer v. McClelland,* 123 A.2d 357 (D. C. Mun. App. 1956).

Kansas has a statutory equivalent of the Virginia rule that garnishment is an independent suit in which the garnishee is a party defendant. There, on appeal from an order discharging a garnishee, the Supreme Court of Kansas held that "a garnishee, being an essential party to a garnishment proceeding, is a necessary party to a review of that proceeding". *Grant v. Reed,* 163 Kan. 105, 108, 179 P.2d 945, 948 (1947), *overruled on other grounds, National Reserve Life Insurance Co. v. Hand,* 188 Kan. 521, 363 P.2d 447 (1961). The *Grant* court relied upon its reasoning in an earlier decision:

It might, perhaps, be contended that the garnishee would not be a necessary party to an appeal from an order directing him to pay over to the plaintiff funds in his hands belonging to the principal defendant. That would be on the theory that it is no real concern to him whether the plaintiff or defendant prevails and that pending the appeal the funds remain impounded. However that may be, a different situation exists where he has been discharged, and appeal is taken. The garnishment having been discharged, the garnishee would have no reason, not being made a party to the appeal and having no notice of appeal, to feel further obligation except to the defendant. Suppose, pending the appeal he innocently delivers the funds to the defendant—would he then be held liable under the statute in case the appellate court reverses the order discharging him? Clearly, it would be unfair to impose liability. The garnishee, one of the defendants below, being a necessary party to the appeal and not being joined, the appeal must be dismissed.

*Stephens College v. Long,* 156 Kan. 449, 451, 134 P.2d 625, 626 (1943) (citations omitted).

Presumably, the United States has delivered to the husband the payments due him at the time the order was entered below and those which have accrued since then. As to those payments, the order has become final and the United States is not liable to the wife. As to payments coming due in the future, since the United States is not before this Court and our mandate could not bind it, a reversal of the trial court's order would be advisory only, and "courts are not constituted . . . to render advisory opinions". *City of Fairfax v. Shanklin,* 205 Va. 227, 229, 135 S.E.2d 773, 775-76 (1964).

We hold that, under the facts of this case, the garnishee is an indispensable party to the wife's appeal, and we will enter an order granting the husband's motion to dismiss the writ.

*Writ dismissed.*

CARRICO, J., concurring.