COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


JENNIFER G. HUGHES
                                        OPINION BY
v.    Record No. 1642-00-1         JUDGE NELSON T. OVERTON
                                        JULY 3, 2001
YORK COUNTY DEPARTMENT OF SOCIAL SERVICES


              FROM THE CIRCUIT COURT OF YORK COUNTY
                  N. Prentis Smiley, Jr., Judge

          Raphael C. Connor (Peninsula Legal Aid
          Center, Inc., on brief), for appellant.

          Carla Blake Hook, Assistant County Attorney,
          for appellee.


     This matter arises out of a petition filed by the York

County Department of Social Services (department) to terminate

Jennifer G. Hughes' (appellant) parental rights to her two

daughters.  Pursuant to Code § 16.1-266(A), the circuit court

appointed Stephen K. Smith as guardian ad litem to protect the

interests of the children.  At the May 4, 2000 hearing before the

circuit court, the guardian ad litem joined the department in

requesting that appellant's parental rights be terminated.  The

guardian ad litem also endorsed the final decree terminating

appellant's parental rights under the heading, "We ask for this."

     Appellant filed a notice of appeal on June 19, 2000.  She did

not list the name and address of the guardian ad litem on the

certificate.  On October 10, 2000, we notified counsel for

appellant, counsel for the department, and the guardian ad litem that the record of proceedings in this case had been received from the trial court.  In that same notice, in bold print, we advised counsel for appellant to "consult Part 5A of the Rules [of the Supreme Court of Virginia] for information on filing times and other requirements" and indicated that "[f]ailure to comply with the rules may result in various sanctions, including dismissal of the appeal."

Upon filing the opening brief, counsel for appellant included a certificate indicating that he served the department with copies of the brief.  The certificate made no reference to the guardian ad litem.  At that time, the guardian ad litem remained a counsel of record in the case.[1]

"No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel [for appellant] files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel . . . ."  Rule 5A:6(a).  The notice of appeal must contain a certificate listing all appellees and stating that the notice has been mailed or delivered to all opposing counsel.  Rule 5A:6(d).

Rule 5A:19(e) provides that copies of the opening brief "shall be mailed or delivered to opposing counsel on or before

_____

[1] See Rule 1:5.

the date of filing."  The term "opposing counsel" is defined in Rule 5A:1 as "depending on the context, 'counsel for the appellant' or 'counsel for the appellee.'"

The term "appellee" is not specifically defined in the rules.  Black's Law Dictionary 95 (7th ed. 1999), defines appellee as a "party against whom an appeal is taken and whose role is to respond to that appeal, usu[ally] seeking affirmance of the lower court's decision."

An appellate court cannot adjudicate an appeal unless all necessary parties are properly before the court.  Asch v. Friends of the Community of the Mount Vernon Yacht Club, 251 Va. 89, 91, 465 S.E.2d 817, 818 (1996).  A necessary party is one whose interests are likely to be defeated or diminished by a successful appeal.  See id. at 90, 465 S.E.2d at 818.  In Asch, the Supreme Court explained that

> "'[a necessary party's] interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed.  In such cases the court refuses to entertain the suit, when these parties cannot be subjected to its jurisdiction.'"

Id. at 91, 465 S.E.2d at 818 (citation omitted).

In a proceeding to terminate parental rights, the guardian ad litem representing the interests of the children is an indispensable party to the appeal of the final decree.  See Verrocchio v. Verrocchio, 16 Va. App. 314, 320, 429 S.E.2d 482,

486 (1993) ("Code § 16.1-266 'recognizes that the substantive rights and interests of the child are often separate and distinct from those of the other parties to the litigation . . . [and] that these rights and interests are best protected by an independent party.'" (quoting Stanley v. Fairfax County Dep't of Social Servs., 10 Va. App. 596, 601, 395 S.E.2d 199, 202 (1990), aff'd, 242 Va. 60, 405 S.E.2d 621 (1991))). Indeed, in such a case, the interests of the children are paramount. See Wright v. Alexandria Div. of Soc. Servs., 16 Va. App. 821, 825, 433 S.E.2d 500, 503 (1993). Where the guardian ad litem has taken a position on behalf of the children in opposition to the appealing party, then the interests of the children are subject to being "'defeated or diminished'" by the appellant's claim.

We hold, therefore, that the definition of appellee in Rule 5A:1 includes any indispensable party to the appeal. See Asch, 251 Va. at 90-91, 465 S.E.2d at 818. Thus, in the present case, the guardian ad litem constituted an appellee and "opposing counsel" for purposes of Rules 5A:6 and 5A:19. The record reflects that appellant failed to provide the guardian ad litem with the notice of appeal or the opening brief. The guardian ad litem was not, therefore, made a party to the appeal. Because the guardian ad litem was an indispensable party, we cannot entertain this appeal. Accordingly, the appeal is dismissed.

Dismissed.