COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Humphreys and Clements
Argued at Alexandria, Virginia


JUDITH MARIE WATKINS
                                                        OPINION BY
v.        Record No. 1938-03-4               JUDGE ROBERT J. HUMPHREYS
                                                        APRIL 13, 2004
FAIRFAX COUNTY DEPARTMENT
 OF FAMILY SERVICES


                  FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          Michael P. McWeeny, Judge

            Todd G. Petit for appellant.

            Donna R. Banks, Assistant County Attorney (David P. Bobzien,
            County Attorney; Peter D. Andreoli, Deputy County Attorney;
            Dennis R. Bates, Senior Assistant County Attorney, on brief), for
            appellee.

            Lisa K. Piper, Guardian *ad litem* for the minor children.


        Judith Marie Watkins appeals decisions of the circuit court terminating her residual

parental rights to her two minor children.  Watkins contends that the circuit court trial judge

erred in finding the evidence sufficient to support the termination pursuant to Code

§ 16.1-283(C)(2).  Watkins also claims the trial judge erred in admitting the hearsay testimony of

a witness who testified during the termination proceedings.  Because we find that Watkins failed

to properly perfect her appeal, we do not reach the merits of these issues and we dismiss her

appeal.

        In her brief on appeal, the guardian *ad litem* for Watkins's children raised an "Additional

Question Presented."  Specifically, and in that form, the guardian *ad litem* moves this Court to

dismiss Watkins's appeal because Watkins failed to name the guardian *ad litem* as an appellee in

her notice of appeal. For the following reasons, we find that Watkins failed to properly and timely note her appeal with respect to the guardian *ad litem*, an "indispensable party," and we dismiss the appeal.[1]

We first, briefly note the facts relevant to this narrow issue. Fairfax County Department of Family Services placed Watkins's two minor children in an "emergency foster home" in December of 2001. In March of 2002, the Fairfax County Juvenile and Domestic Relations District Court terminated Watkins's residual parental rights. Watkins subsequently noted an appeal for a trial *de novo* in the circuit court.

During the three-day hearing on Watkins's *de novo* appeal, the appointed guardian *ad litem* for Watkins's children supported the Department's petition to terminate Watkins's residual parental rights. Ultimately, the trial court ruled that Watkins had failed to substantially remedy the "problems which brought the children into foster care," within the requisite time period set forth in Code § 16.1-283(C)(2), and that it was thus in the best interests of the children that Watkins's "parental rights be terminated." Both final orders – one pertaining to each child – were "[e]ntered on June 23, 2003." The guardian *ad litem* endorsed the final termination orders under the headings "I ask for this," and indicated "Seen and Agreed" over her signatures.

Watkins noted her appeal to this Court on or about July 23, 2003. The record demonstrates that Watkins failed to list the guardian *ad litem* as an opposing party in her Notice of Appeal, as well as in her subsequent Amended Notice of Appeal. The record further shows that Watkins failed to list the guardian *ad litem* in the accompanying certificates of service, and there is no evidence that Watkins mailed or delivered a copy of the notices to the guardian *ad litem* within 30 days after entry of the final orders. The record does reflect, however, that

---

[1] For this reason, we do not consider Fairfax County Department of Social Services's "Motion of Appellee to Dismiss Petition [sic] For Appeal," based upon Rules 5A:20 and 5A:18.

Watkins subsequently listed the guardian *ad litem* in the certificates of service appended to her motion for extension of time to file the transcript, her statement of questions presented and designation of contents to be included in the appendix, as well as her opening brief on appeal. The guardian *ad litem* thus timely filed a brief on behalf of the children.[2] In her brief, the guardian *ad litem* requested that the appeal be dismissed because Watkins failed to notify her of the appeal. Specifically, the guardian *ad litem* argues that this Court must dismiss Watkins's appeal because the guardian *ad litem*, an indispensable party, was not "list[ed]" in the notice of appeal or the amended notice of appeal, and because Watkins failed to certify, in either document, that a copy of the notice was "mailed or delivered to the guardian *ad litem* in accordance with Rule 5A:6(d)."

Code § 17.1-408 states, "[a] notice of appeal to the Court of Appeals shall be filed in every case within the court's appellate jurisdiction as provided in § 8.01-675.3." The notice of appeal must be filed "with the clerk of the trial court," Code § 17.1-407, and, "shall be filed within 30 days from the date of any final judgment order, decree or conviction," Code § 8.01-675.3. The "time[] prescribed for filing the notice of appeal . . . [is] mandatory," Rule 5A:3(a), and, if not adhered to, "[n]o appeal shall be allowed," Rule 5A:6. Rule 5A:16(a) provides that appeals as a matter of right are "perfected by the timely filing of a notice of appeal pursuant to Rule 5A:6."

Rule 5A:6 specifically provides as follows, in pertinent part:

> (a) Timeliness. — No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals. . . .

---

[2] The guardian *ad litem* also appeared at oral argument and argued the merits of the appeal on behalf of the children.

\* \* \* \* \* \* \*

> (d) Certificate. — The appellant shall include with the notice of appeal a certificate stating:
>
> (1) the names and addresses of all appellants and appellees, the names, addresses, and telephone numbers of counsel for each party, and the address and telephone number of any party not represented by counsel; and
>
> (2) that a copy of the notice of appeal has been mailed or delivered to all opposing counsel . . . .

The guardian *ad litem* correctly notes that we have held "in a suit involving a termination of parental rights, a guardian *ad litem* for the child or children is an indispensable party to the appeal and, thus, qualifies as an 'opposing counsel' under Rule 5A:6(a), to whom the appellant has a duty to mail or deliver a copy of the notice of appeal." M. G. v. Albemarle County Dep't of Soc. Servs., 41 Va. App. 170, 177, 583 S.E.2d 761, 764 (2003) (citing Hughes v. York County Dep't of Soc. Servs., 36 Va. App. 22, 25-26, 548 S.E.2d 237, 238-39 (2001)). Indeed, the guardian *ad litem* is clearly an indispensable party in termination cases because the statute governing the appointment of guardians *ad litem* in termination proceedings, Code § 16.1-266, mandates their appointment in such cases.[3]

The Supreme Court of Virginia has used the terms "indispensable parties" and "necessary parties" synonymously. See Asch v. Friends of Mt. Vernon Yacht Club, 251 Va. 89, 90-91, 465

---

[3] Code § 16.1-266(A) provides as follows:

> Prior to the hearing by the court of any case involving a child who is alleged to be abused or neglected or who is the subject of an entrustment agreement or a petition seeking termination of residual parental rights or who is otherwise before the court pursuant to subdivision A 4 of § 16.1-241 or § 63.2-1230, the court *shall* appoint a discreet and competent attorney-at-law as guardian *ad litem* to represent the child pursuant to § 16.1-266.1.

(Emphasis added).

- 4 -

S.E.2d 817, 818 (1996).[4]  In that context, the Court defines the term "necessary party" broadly,

holding that:

> "'Where an individual is in the actual enjoyment of the subject
> matter, or has an interest in it, either in possession or expectancy,
> which is likely either to be defeated or diminished by the plaintiff's
> claim, in such case he has an immediate interest in resisting the
> demand, and all persons who have such immediate interests are
> necessary parties to the suit.'"

Id. (quoting Raney v. Four Thirty Seven Land Co., 233 Va. 513, 519-20, 357 S.E.2d 733, 736

(1987) (quoting Gaddess v. Norris, 102 Va. 625, 630, 46 S.E. 905, 907 (1904))).  Thus, the Court

has consistently held that "a court lacks the power to proceed with a suit unless all necessary

parties are properly before the court."  Id. at 91, 465 S.E.2d at 818.  The import of this principle

is the fundamental notion that:

> "'[a necessary party's] interests in the subject matter of the suit,
> and in the relief sought, are so bound up with that of the other
> parties, that their legal presence as parties to the proceeding is an
> absolute necessity, without which the court cannot proceed. . . . .'"

Id. (quoting Bonsal v. Camp, 111 Va. 595, 597-98, 69 S.E. 978, 979 (1911) (quoting Barney v.

Baltimore City, 73 U.S. (6 Wall.) 280, 284 (1868)).

Thus, the question to be answered in the case at bar is whether a "necessary" or

"indispensable" party must explicitly be named in the notice of appeal to allow the appellate

court to "proceed."  Id.  Based upon our review of the jurisprudence on this issue, we hold that

an indispensable party must be named in the notice of appeal in order to properly perfect the

appeal.

---

[4] Black's Law Dictionary, 1144 (7th ed. 1999) defines an "indispensable party" as "[a]
party who, having interests that would inevitably be affected by a court's judgment, *must* be
included in the case." (Emphasis added).  It defines "necessary party" as "[a] party who, being
closely connected to a lawsuit, *should* be included in the case if feasible, but whose absence will
not require dismissal of the proceedings."  Id. at 1144-45 (emphasis added).

We first note the Supreme Court of Virginia has held that "[t]he mere fact that an indispensable party who was a litigant in the trial court has notice that an appeal has been perfected against another litigant is not sufficient to confer [an appellate court's] jurisdiction over the indispensable party against whom no appeal has been properly perfected." Id. at 93, 465 S.E.2d at 819. The facts underlying the Asch decision reveal that the appellants' notice of appeal "informed all the litigants below, including the [indispensable party], 'that the litigation was not ended and that appeal was in progress.'" Id. at 90, 465 S.E.2d at 818.[5] Yet, because the appellants failed to "join" an indispensable party as a party in the appeal, the Court held that it never acquired jurisdiction over the indispensable party and it therefore, dismissed the appeal. Id. at 93, 465 S.E.2d at 819.

Similarly, in Vaughn v. Vaughn, 215 Va. 328, 210 S.E.2d 140 (1974), and Butler v. Butler, 219 Va. 164, 247 S.E.2d 353 (1978) (*per curiam*), the Supreme Court of Virginia refused to consider appeals where indispensable parties were not named in the notices of appeal, nor the petitions for appeal. In Vaughn, the Court refused to hear an appeal involving a lawsuit requesting specific performance of an option to buy a portion of a tract of land. Vaughn, 215 Va. at 328, 210 S.E.2d at 141. The Court noted that when the bill of complaint was originally filed, it named as parties-respondents "Carolyn F. Vaughn, Individually and as Administratrix of the Estate of Donald W. Vaughn, Jr." Id. By letter opinion, incorporating by reference the final decree, the chancellor sustained respondents' demurrer to the bill. Id. Vaughn was named both individually and as administratrix of the estate in the caption of the letter opinion. Id. at 329, 210

---

[5] Rule 5:9, governing appeals to the Supreme Court of Virginia, states that "[n]o appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, counsel for the appellant files with the clerk of the trial court a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel." Rule 5:5(a) provides that the times prescribed for filing various documents for purposes of appeal, including the notice of appeal, "are mandatory."

S.E.2d at 141-42. Thus, the letter opinion became binding upon Vaughn, individually, effective with the entry of the final decree. Id. at 329, 210 S.E.2d at 142. Nevertheless, "in the captions of the notice of appeal and assignments of error and the petition for appeal and supersedeas" Vaughn was not named individually. Id. Moreover, "the notice of appeal and assignments of error," as well as the "notice certificate appended to the petition for appeal," were addressed only to "'Thomas V. Monahan, Esquire, attorney for Carolyn F. Vaughn, Administratrix: of the Estate of Donald W. Vaughn, Jr.'" Id. The Court thus held that:

> [the] [n]otice of appeal and assignments of error must be filed "within thirty days after entry of final judgment." Rule 5:6 [Revised 1985]. That rule, like its predecessor, Rule 5:1, § 4, is mandatory. Mears v. Mears, 206 Va. 444, 445, 143 S.E.2d 889, 890 (1965). Petitions for appeal must be presented within four months following final judgment. Code 8-463 [now Code § 8.01-671]. That rule is jurisdictional. Tharp v. Commonwealth, 211 Va. 1, 175 S.E.2d 277 (1970). As to Carolyn F. Vaughn, individually, appellants failed to comply with those rules. Carolyn F. Vaughn, administratrix, is not a party-respondent in interest.

Id. at 329-30, 210 S.E.2d at 142. Accordingly, the court found that the appeal was not "perfected according to law," and it dismissed the appeal "as improvidently awarded." Id. at 330, 210 S.E.2d at 142.

In Butler, the Court refused to hear an appeal pertaining to a garnishment proceeding. Butler, 219 Va. at 165, 247 S.E.2d at 354. In the appeal, the appellant "did not name the United States in her notice of appeal or serve a copy of her petition for appeal upon the United States." Id. at 166, 247 S.E.2d at 354. Finding that the United States was an indispensable party to the garnishment proceedings, the Court dismissed the appeal, noting the United States was not "before [the] Court and [their] mandate could not bind it, a reversal of the trial court's order would be advisory only, and 'courts are not constituted . . . to render advisory opinions.'" Id. at

167, 247 S.E.2d at 355 (quoting City of Fairfax v. Shanklin, 205 Va. 227, 229, 135 S.E.2d 773, 775-76 (1964)).

We have similarly held that an appeal must be dismissed where an appellant "ma[de] no reference" to an indispensable party in its notice of appeal. Zion Church Designers & Builders v. McDonald, 18 Va. App. 580, 582, 445 S.E.2d 704, 705 (1994). Zion involved an appeal from a workers' compensation commission award, pursuant to Rule 5A:11.[6] In the proceedings before the commission, the claimant, who was injured while working on a construction project at First Church of the Nazarene (the Church), joined both the Church and Zion, the company the Church had retained to coordinate and manage the construction project, as parties responsible for payment of benefits. Id. Zion and the Church each denied liability, contending that the claimant was the other's employee. Id. The commission ultimately found that the claimant was Zion's employee and awarded the claimant temporary total disability benefits from Zion. Id.

Zion filed a timely notice of appeal with the clerk of the commission, naming the claimant as appellee, but "making no reference to the Church." Id. More than 30 days after the

---

[6] Rule 5A:11 is a "special rule" applicable only to appeals from the workers' compensation commission. Unlike Rule 5A:6, which does not set forth the required contents of the notice of appeal, Rule 5A:11(b) specifically provides that

> [n]o appeal from an order of the Commission shall be allowed unless, within 30 days after entry of the order appealed from . . . counsel files with the clerk of the Virginia Workers' Compensation Commission a notice of appeal *which shall state the names and addresses of all appellants and appellees*, the names, addresses, and telephone numbers of counsel for each party, and the address and telephone number of any party not represented by counsel, and whether the appellant challenges the sufficiency of the evidence to support the findings of the Commission.

(Emphasis added). Another interesting distinction between Rule 5A:6 and Rule 5A:11 is that Rule 5A:6 contains a requirement that the parties, including all appellees, be named in the attached certificate of service. Rule 5A:11 does not contain a specific reference to a certificate of service, nor its required contents.

entry of the award, Zion filed an "Addendum to Notice of Appeal" "adding" the Church as an appellee. Id. Noting that "the [30-day] time requirement for the filing of a notice of appeal is jurisdictional," because it "forestalls the finality of the appealed adjudication, notifies the appellee that he cannot rest on his victory, and initiates the time frame of the case in the Court of Appeals," we held that Zion's failure to add the Church as an appellee until after the 30-day filing period had expired amounted to Zion's failure to "give timely notice of appeal with respect to the Church." Id. at 583, 445 S.E.2d at 705-06. We held that Zion's failure in this regard "render[ed] its initial notice of appeal ineffective and require[d] dismissal of the appeal." Id. at 583, 445 S.E.2d at 706.

In so holding, we specifically noted that "Zion's failure to name the [party] in its October 8 notice of appeal was not a mere failure to perform a directory act." Id. at 583-84, 445 S.E.2d at 706 (citing Johnson v. City of Clifton Forge, 7 Va. App. 538, 375 S.E.2d 540 (1989) (holding that the "filing" of a notice of appeal containing the names of the appellees and the names and addresses of their counsel was "not defeat[ed]," although appellant failed to mail or deliver a copy of the notice to the appellees during the 30-day filing period, because Rule 5A:1(b)(10) is directory rather than mandatory),[7] rev'd on other grounds, 9 Va. App. 376, 388 S.E.2d 654 (1990)). "Neither was it a mere error of internal reference." Id. (citing Carlton v. Paxton, 14 Va. App. 105, 415 S.E.2d 600 (1992) (holding that the court acquired jurisdiction over appeal where notice of appeal was timely filed and properly styled to appeal May 11, 1990 adoption order but erroneously referred to order being appealed as one entered on April 22, 1986), aff'd en banc, 15 Va. App. 265, 422 S.E.2d 423 (1992)). "Rather, it was a failure to comply with a

---

[7] Rule 5A:1(b)(10) defines "File with the clerk" as "deliver[ing] to the clerk specified a paper, a copy of which has been mailed or delivered to opposing counsel, and appended to which is either acceptance of service or a certificate showing the date of mailing or delivery."

requirement made mandatory by both statute and rule." Id.; cf. Grief Companies v. Hensley, 22 Va. App. 546, 471 S.E.2d 803 (1996) (holding appeal properly perfected where indispensable party was named in the notice of appeal, but named as an appellant, not as an appellee, and was "presently before [the] Court"); State Water Control Board v. Crutchfield, 265 Va. 416, 424 n.2, 578 S.E.2d 762, 766 n.2 (2003) (holding that a circuit court could properly amend a *petition for appeal*, under Rule 2A:4, to add an indispensable party after the relevant 30-day time limitation had expired, but explicitly declining to "address any other requirements of Rule 2A:2" pertaining to the petitioners' notice of appeal, because the parties did not challenge petitioners' compliance with that Rule).[8]

Consistent with this line of precedent, we find that an appellant's failure to name the guardian *ad litem*, an indispensable party, in either a notice of appeal or an accompanying certificate of service, renders this Court powerless to exercise jurisdiction over that indispensable party. This finding is consistent with the "purpose behind rules governing a notice of appeal." Carlton, 14 Va. App. at 110, 415 S.E.2d at 602.

> As the Supreme Court of Virginia has made plain, these rules have been designed to protect the appellee, not to penalize the appellant. See Avery v. County School Board, 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951). If required papers are not timely filed, "the appellee is entitled to assume that the litigation is ended . . . . Litigation is a serious and harassing matter, and the right to know when it is ended is a valuable right." Id.

Id. In an appeal of right, the appeal is "perfected" by the timely filing of a notice of appeal. See Rule 5A:16(a). Thus, the notice of appeal, when filed, effectively transfers jurisdiction from the lower court to the appellate court and places the named parties within the jurisdiction of the

---

[8] Rules 2A:2 and 2A:4 govern appeals pursuant to the Administrative Process Act. Rule 2A:2 requires the notice of appeal to include, among other things, "the names and addresses of the appellant and of all other parties and their counsel."

appellate court.  See Devondale v. Stallings, 795 S.W.2d 954 (Ky 1990); see also Coleman v.

Thompson, 501 U.S. 722, 742-43, 751 (1991) (describing Supreme Court of Virginia Rules

5:5(a) and 5:9, stating "the notice of appeal is a document filed *with the trial court* that notifies

that court and the [appellate court], *as well as the parties*, that there will be an appeal; it is a

purely ministerial document," and the purpose of the 30-day limit in Rule 5:5(a) """"is to set a

definite point of time when litigation should be at an end, unless within that time the prescribed

application has been made; and if it has not been, to advise prospective appellees that they are

freed of the appellant's demands"""" (quoting Browder v. Director, Illinois Dept. of Corr., 434

U.S. 257 (1978) (quoting Matton Steamboat Co. v. Murphy, 319 U.S. 412 (1943)) (second

emphasis added)).  It thus stands to reason that a notice of appeal that entirely omits an

indispensable party fails to transfer jurisdiction over that party to the appellate court and thus

fails to comport with the "purpose behind rules governing a notice of appeal."  Carlton, 14

Va. App. at 110, 415 S.E.2d at 602.  In particular, it fails to comport with the rule making the

filing of such notices mandatory.  Rule 5A:3.[9]

Our holding today is not inconsistent with our decision in Hughes, nor is it inconsistent

with our holding in M.G.  In Hughes, where we first declared "the guardian *ad litem* representing

the interests of the children is an indispensable party to the appeal of the final decree"

terminating parental rights, 36 Va. App. at 26, 548 S.E.2d at 238, we held that

> where the certificate accompanying the notice of appeal does not
> list the name and address of the guardian *ad litem* and "[t]he record
> reflects that [the] appellant failed to provide the guardian *ad litem*
> with the notice of appeal or the opening brief[,] [t]he guardian *ad*

---

[9] Indeed, under such circumstances, it is logical to presume that the unnamed party would suffer prejudice.  The clerk of the Court of Appeals would have no reason to notify the party of the date of the filing of the record, Rule 5A:10, from which date an appeal in this Court is considered "mature" for "purposes of further proceedings" in the appellate process, Rule 5A:16(a).

- 11 -

*litem* was not . . . made a party to the appeal," and the appeal must be dismissed.

M.G., 41 Va. App. at 177, 583 S.E.2d at 764 (quoting Hughes, 36 Va. App. at 25-26, 548 S.E.2d at 238-39). We did not hold in Hughes that a party who entirely omits an indispensable party from his or her notice of appeal or accompanying certificate of service, and fails to cure that defect within the mandatory 30-day filing period, may correct that omission by subsequently providing the indispensable party with a copy of the defective notice and certificate of service, or by providing the indispensable party with a copy of the opening brief.[10] Indeed, notice, in and of itself that an appeal has been taken is insufficient to confer an appellate court with "jurisdiction over the indispensable party against whom no appeal has been properly perfected." Asch, 251 Va. at 93, 465 S.E.2d at 819.

In M.G., we held that "we have jurisdiction over both the appeal itself and the guardian *ad litem*, an indispensable party, *as long as the record establishes* that, 'within 30 days after entry of final judgment or other appealable order or decree, counsel file[d] with the clerk of the trial court a notice of appeal, and at the same time mail[ed] or deliver[ed] a copy of such notice to all opposing counsel . . . .'" 41 Va. App. at 178, 583 S.E.2d at 764-65 (quoting Rule 5A:6(a)) (emphasis added).

Although the facts in M.G. reveal that M.G. failed to name the children's guardian *ad litem* in either the notice of appeal or the accompanying certificate, the facts also reveal that M.G. did indicate in the certificate accompanying the notice that "[a] guardian *ad litem* [had been] appointed for the children." Id. at 175, 583 S.E.2d at 763. Moreover, the issue in that case

---

[10] The observation in Hughes that the opening brief was not served on the guardian *ad litem* is *dicta* in the purest sense because the sole issue was whether the guardian *ad litem* was an indispensable party who must be notified to perfect an appeal. The issue was not what might constitute a legally sufficient mechanism for doing so.

- 12 -

was not whether the Court lacked jurisdiction over the guardian *ad litem* because M.G. failed to name the guardian *ad litem* in either her notice of appeal or accompanying certificate. Instead, the issue raised was whether M.G. "'fail[ed] to join the children's guardian *ad litem* as a party to the case' because she failed to certify in her notice of appeal that she mailed or delivered a copy of the notice to all opposing counsel, i.e., the children's guardian *ad litem*." Id. at 176, 583 S.E.2d at 763-64.

Noting that "[w]e have never held . . . Rule 5A:6(d)'s provisions regarding the contents of the accompanying certificate are jurisdictional," we refused to dismiss the appeal because the record reflected that M.G. had mailed a copy of the notice of appeal to the guardian *ad litem* "within 30 days after entry of final judgment." Id. at 177-78, 583 S.E.2d at 764.[11] We do not disturb the holding in M.G. Indeed, we have never held the contents of the certificate of service, accompanying the notice of appeal, are "jurisdictional" as that term has been used, often inartfully, in our jurisprudence.[12] Nevertheless, as noted above, both the Supreme Court of Virginia and this Court have held that in order to properly "perfect" an appeal, all the indispensable parties must be named, in either the notice of appeal or the accompanying

---

[11] Specifically, the record revealed that the notice of appeal and accompanying certificate were mailed with a cover letter attached. M.G., 41 Va. App. at 178, 583 S.E.2d at 765. The cover letter indicated that a courtesy copy of the notice of appeal had been mailed to the guardian *ad litem* upon filing. Id.

[12] In David Moore v. Commonwealth, 259 Va. 431, 527 S.E.2d 406 (2000), overruled in part by, Nelson v. Warden of the Keen Mt. Corr. Ctr., 262 Va. 276, 552 S.E.2d 731 (2001), the Supreme Court of Virginia explained the significant distinction between a court's "subject matter jurisdiction" and its ability to "exercise" that jurisdiction. 259 Va. at 437, 527 S.E.2d at 409 ("emphasizing the necessary distinction to be drawn . . . between the power of a court to adjudicate a specified class of cases, commonly known as 'subject matter jurisdiction,' and the authority of a court to exercise that power in a particular case"). Nevertheless, the term "jurisdiction" has been loosely used by the Commonwealth's appellate courts to encompass under one "shorthand" term, the concept of subject matter jurisdiction and the legally distinct but related concept at issue here, the ability of a court to exercise its jurisdiction.

- 13 -

certificate, thereby joining those parties in the appeal and giving the appellate court the requisite jurisdiction over those parties. See Asch, 251 Va. at 93, 465 S.E.2d at 819; see also Vaughn, 215 Va. at 330, 210 S.E.2d at 142 (finding the appeal was not "perfected according to law"). This requirement clearly must be satisfied within the 30-day "mandatory" filing period. Rules 5A:3; 5A:16. Otherwise, the notice is "ineffective" and the appeal is never properly perfected. Zion, 18 Va. App. at 583, 445 S.E.2d at 706; Vaughn, 215 Va. at 330, 210 S.E.2d at 142. In sum, notwithstanding the fact that this Court possesses jurisdiction over the subject matter of the appeal, the failure to file a notice of appeal in compliance with this mandate, within the requisite 30-day period, necessarily affects this Court's authority to exercise that jurisdiction.

In the case at bar, this requirement was clearly not satisfied. Specifically, because Watkins failed to name an indispensable party in her notice of appeal or accompanying certificate of service within the 30-day mandatory filing period, this Court never obtained jurisdiction over the person of that party during that time period. Watkins, thus, failed to properly perfect her appeal within the mandatory 30-day time limitation. See Rule 5A:3(a); Rule 5A:6; Asch, 251 Va. at 91, 465 S.E.2d at 818 (noting that a court lacks the power to proceed with a suit unless all necessary parties are properly before the court).

Because the time requirement for filing a notice of appeal, in accord with Rule 5A:6, is mandatory, we find that we must dismiss Watkins's appeal. See Rule 5A:3. Watkins's failure to timely file a notice of appeal, in compliance with the most basic of our rules, renders her notice, and thus her attempt to properly perfect her appeal, ineffective. Zion, 18 Va. App. at 583, 445 S.E.2d at 706; see also Williams v. Landon, 1 Va. App. 206, 207, 336 S.E.2d 907, 907 (1985).[13]

---

[13] For these reasons, we do not consider the issue in the case at bar to be one of "process," requiring us to consider whether the guardian *ad litem* has "generally appeared" and thus submitted herself to our jurisdiction. See Code § 8.01-277 ("A person, upon whom process to answer any action has been served, may take advantage of any defect in the issuance, service

- 14 -

Because the guardian *ad litem* raised a proper and timely objection to Watkins's failure in this regard, we find that we must dismiss Watkins's appeal. See Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990) (noting that the lack of subject matter jurisdiction can be raised at any time in the proceedings, but defects in the other "jurisdictional" elements generally will be considered waived unless properly raised in conjunction with the relevant proceedings).[14]

Dismissed.

---

or return thereof by a motion to quash filed prior to or simultaneously with the filing of any pleading to the merits."); Gilpin v. Joyce, 257 Va. 579, 581, 515 S.E.2d 124, 125 (1999) (stating that "[a] general appearance 'is a waiver of process, equivalent to personal service of process, and confers jurisdiction of the person on the court,'" and noting that Code § 8.01-277, allowing a party to appear generally and at the same time to contest process, applies only to those who have actually been "served" with process (quoting Nixon v. Rowland, 192 Va. 47, 50, 63 S.E.2d 757, 759 (1951))).

[14] We note further that, although the guardian *ad litem* filed a brief on the merits and argued the merits of the appeal during oral argument, the guardian *ad litem* here never sought leave to intervene in this appeal, and in fact objected to this Court's consideration of Watkins's appeal on the merits. Cf. Browning-Ferris Ind. v. Residents Involved, 254 Va. 278, 283, 492 S.E.2d 431, 434 (1997) (declining to take "action" on the merits of a circuit court's denial of a motion to dismiss, because the necessary party that appellant failed to "nam[e]" in its notice of appeal from a decision of the Department of Environmental Quality to the circuit court (pursuant to Rule 2A:2) subsequently, and with leave granted by the circuit court, intervened in the proceedings).