CLEMENTS, J.,
dissenting, in part, and concurring, in result.
While I agree with the result of this appeal, I disagree with the majority’s conclusion that mother’s failure to provide timely notice of the appeal to the child’s guardian ad litem does not require dismissal of mother’s appeal. In my view, the decision of this Court in Hughes v. York County Dep’t of Soc. Servs., 36 Va.App. 22, 548 S.E.2d 237 (2001), controls the outcome of this case and requires the opposite conclusion. I would hold, therefore, that mother’s failure to make the child’s guardian ad litem a party to this appeal by providing her with *441 notice of the appeal in accordance with Rule 5A:6(a) precludes us from entertaining this appeal.
Rule 5A:6(a) provides, in pertinent part, that “[n]o appeal [to this Court] shall be allowed unless, within 30 days after entry of final judgment ..., counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel.” (Emphasis added.) Here, it is undisputed that, while mother timely filed a notice of appeal with the clerk of the circuit court indicating her intention to challenge the circuit court’s final order, she did not mail or deliver a copy of the notice of appeal to the child’s guardian ad litem, who, pursuant to Rule 1:5, was still a counsel of record in the case.[6] The issue, then, is whether we may consider this appeal even though the child’s guardian ad litem was not given proper notice of the appeal under Rule 5A:6(a).
Faced with a similar issue in Hughes, a case involving the termination of parental rights, we held that the appellant’s failure to provide notice of the appeal, under Rule 5A:6(a), to the guardian ad litem appointed by the circuit court to represent the children’s interests precluded us from entertaining the appeal. 36 Va.App. at 26, 548 S.E.2d at 239. We explained that, for purposes of Rule 5A:6(a), the term “opposing counsel” includes all necessary or indispensable parties to the appeal.[7] Id. This is so, we reasoned, because “[a]n appellate court [may not properly] adjudicate an appeal unless all *442 necessary [or indispensable] parties are properly before the court.” Id. at 25, 548 S.E.2d at 238. We further explained that a necessary or indispensable party “is one whose interests are likely to be defeated or diminished by a successful appeal” and that, “[wjhere the guardian ad litem has taken a position on behalf of the children in opposition to the appealing party, then the interests of the children are subject to being ‘defeated or diminished’ by the appellant’s claim.” Id. at 25-26, 548 S.E.2d at 238-39. Applying these principles, we concluded that the children’s guardian ad litem, who had “joined the [Department of Social Services] in requesting that appellant’s parental rights be terminated,” id. at 25, 548 S.E.2d at 238, was a necessary or “indispensable party to the appeal and, thus, qualifie[d] as an ‘opposing counsel’ under Rule 5A:6(a), to whom the appellant ha[d] a duty to mail or deliver a copy of the notice of appeal,” M.G. v. Albemarle County Dep’t of Soc. Servs., 41 Va.App. 170, 177, 583 S.E.2d 761, 764 (2003) (citing Hughes, 36 Va.App. at 25-26, 548 S.E.2d at 238-39). We further concluded that, because the “appellant failed to provide the [children’s] guardian ad litem with the notice of appeal,” as required by Rule 5A:6(a), “the guardian ad litem was not ... made a party to the appeal.” Hughes, 36 Va.App. at 26, 548 S.E.2d at 239; see also M. G., 41 Va.App. at 177, 583 S.E.2d at 764 (noting that “the court never acquires jurisdiction over the indispensable party” when that party is not given notice of the appeal). Thus, we held we could not entertain the appeal. Hughes, 36 Va.App. at 26, 548 S.E.2d at 239.
As the majority notes, “[h]ere, like the appellant in Hughes, mother failed to deliver a copy of the notice of appeal to the [child’s] guardian ad litem.” And like the children’s guardian ad litem in Hughes, the child’s guardian ad litem in this case took a position on behalf of the child in opposition to the appellant. At the hearing before the circuit court, the child’s guardian ad litem joined the child’s grandparents and the child’s natural father in requesting that the circuit court award visitation to the grandparents. The child’s mother opposed that request. After the circuit court entered an order grant *443 ing visitation to the grandparents, mother noted her appeal, seeking to overturn the circuit court’s decision. Thus, the child’s interests are subject to being defeated or diminished by mother’s claim in this appeal. Accordingly, under the principles set forth in Hughes, the child’s guardian ad litem is a necessary or indispensable party to this appeal. Id. at 25-26, 548 S.E.2d at 238-39. As such, she is an “opposing counsel” within the meaning of Rule 5A:6(a). Id. at 26, 548 S.E.2d at 239. Mother was, thus, required under Rule 5A:6(a) to mail or deliver a copy of the notice of appeal to her. Because mother failed to do so, the child’s guardian ad litem was not made a party to the appeal. Id. Consequently, we may not entertain this appeal. Id. Accordingly, I would dismiss this appeal and not reach the merits of the case.
The majority finds Hughes inapplicable here because the instant case involves visitation, rather than the termination of parental rights. The majority reasons that a guardian ad litem appointed by the trial court in a termination-of-parental-rights case is a necessary or indispensable party on appeal because that appointment is required by Code § 16.1-266(A), while a guardian ad litem appointed by the trial court in a custody or visitation case is not a necessary or indispensable party on appeal, even when representing children whose interests are subject to being defeated or diminished, because that appointment is merely discretionary under Code § 16.1-266(E). I disagree with this reasoning.
For one thing, it disregards the established definition of “a necessary or indispensable party” long employed by the Supreme Court and this Court. As the majority notes, the Supreme Court has defined “necessary parties” as follows:
“ ‘ “Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely to be defeated or diminished by the plaintiffs claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.” ’ ”
*444 Asch v. Friends of Mount Vernon Yacht Club, 251 Va. 89, 90-91, 465 S.E.2d 817, 818 (1996) (quoting Raney v. Four Thirty Seven Land Co., 233 Va. 513, 519-20, 357 S.E.2d 733, 736 (1987) (quoting Gaddess v. Norris’ Ex’rs., 102 Va. 625, 630, 46 S.E. 905, 907 (1904) (quoting 1 Daniel’s Chancery Practice, 244))). Thus, as we said in Hughes, a necessary or indispensable party to an appeal “is one whose interests are likely to be defeated or diminished by a successful appeal.” 36 Va.App. at 25, 548 S.E.2d at 238. Consequently, the majority’s conclusion that the child’s guardian ad litem, is not a necessary or indispensable party to this appeal, even though the child’s interests stood to be defeated or diminished if mother prevailed on appeal, impermissibly conflicts with the established definition of “a necessary or indispensable party.” See Roane v. Roane, 12 Va.App. 989, 993, 407 S.E.2d 698, 700 (1991) (“We are bound by decisions of the Supreme Court of Virginia and are without authority to overrule [them].”); Robinson v. Commonwealth, 13 Va.App. 540, 543, 413 S.E.2d 661, 662 (1992) (“Under the rule of stare decisis, a decision by a panel of this court is an established precedent.”).
Likewise, the majority’s view that “[o]ne whose participation in a suit is merely permissible cannot be said to be necessary or indispensable to the proceedings” ignores the fact that the lower court may appoint a guardian ad litem in cases like this only if the court finds that independent representation of the child’s interests is necessary. See Verrocchio v. Verrocchio, 16 Va.App. 314, 317, 429 S.E.2d 482, 484 (1993) (“The established practice is that a guardian ad litem may be appointed after a trial judge makes a preliminary finding that the best interests of the child require such appointment.” (emphasis added)); Code § 16.1-266(E) (allowing the court to appoint a guardian ad litem “[i]n all other cases which in the discretion of the court require ... a guardian ad litem ... to represent the child or children” (emphasis added)). Indeed, as the majority notes, Code § 16.1-266(E) specifically permits the court to appoint a guardian ad litem in a custody or visitation case only if the court “finds ... that the interests of the child or children are not otherwise adequately represented” by the parents’ or other parties’ counsel. See also Verrocchio, 16 *445 Va.App. at 320, 429 S.E.2d at 486 (“Code § 16.1-266 ‘recognizes that the substantive rights and interests of the child are often separate and distinct from those of the other parties to the litigation ... [and] that these rights and interests are best protected by an independent party.’ ” (quoting Stanley v. Fairfax County Dep’t of Social Servs., 10 Va.App. 596, 601, 395 S.E.2d 199, 202 (1990), aff'd, 242 Ya. 60, 405 S.E.2d 621 (1991))). Thus, “a finding that the appointment of a guardian ad litem is necessary and would be in the child’s best interest is an essential prerequisite” to the making of such an appointment. Id. at 322, 429 S.E.2d at 487 (holding that, while not required in every case, “where the trial judge finds that the best interests of the child are not adequately protected by the parties” and that appointment of a guardian ad litem is “necessary to protect the interests of the minor child,” then “appointment of a guardian ad litem for the child is appropriate”).
It follows, therefore, that, in appointing the guardian ad litem in this case to represent and advocate the child’s interests, the circuit court specifically found that the guardian ad litem’s participation in the case was necessary to the proceedings because the child’s interests were not otherwise represented. For this Court to then say that the guardian ad litem in the instant case is not a necessary or indispensable party to the appeal simply because the appointment of a guardian ad litem is not required in all custody and visitation cases is, in my view, an unwarrantedly narrow application of the principles set forth in Hughes. It not only serves to effectively overrule the circuit court’s determination that the guardian ad litem was required to represent the child in the case, it also serves to generally demean and diminish the role of guardians ad litem in custody and visitation cases appealed to this Court. See generally Bottoms v. Bottoms, 249 Va. 410, 420, 457 S.E.2d 102, 108 (1995) (noting that “the recommendation of the guardian ad litem ..., while not binding or controlling, should not be disregarded” and that, “[t]he duty of a guardian ad litem in a child custody dispute is to see that the interest of the child is ‘represented and protected’” (quoting Code § 8.01-9)).
*446 Most significantly, however, in leaving the child’s independent interests unrepresented by counsel on appeal in this case, the majority’s decision elevates the procedural rights of mother over what should be the paramount consideration—the welfare and best interests of the child. See Verrocchio, 16 Va.App. at 320, 429 S.E.2d at 486 (“ ‘In Virginia, we have established the rule that the welfare of the infant is the primary, paramount, and controlling consideration of the court in all controversies between parents over the custody [and visitation] of their minor children. All other matters are subordinate.’ ” (quoting Mullen v. Mullen, 188 Va. 259, 269, 49 S.E.2d 349, 354 (1948))); Kogon v. Ulerick, 12 Va.App. 595, 596, 405 S.E.2d 441, 442 (1991) (“In matters concerning custody and visitation, the welfare and best interests of the child are the ‘primary, paramount, and controlling consideration[s].’ ” (quoting Mullen, 188 Va. at 269, 49 S.E.2d at 354)); Commonwealth ex rel. Gray v. Johnson, 7 Va.App. 614, 617-18, 376 S.E.2d 787, 788 (1989) (“The strong public policy of this Commonwealth posits that the paramount concern where children are concerned are their best interests.”). I cannot subscribe to such an outcome.
For these reasons, I respectfully dissent from the majority’s decision not to dismiss this appeal.

. Rule 1:5 provides, in pertinent part, as follows:
"Counsel of record" includes a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case. Counsel of record shall not withdraw from a case except by leave of court after notice to the client of the time and place of a motion for leave to withdraw.

. As the majority indicates, the Supreme Court and this Court have used the terms "necessary party” and "indispensable party” interchangeably in referring to those entities and persons who must be made a party to an appeal. See Watkins v. Fairfax County Dep’t of Family Servs., 42 Va.App. 760, 765, 595 S.E.2d 19, 22 (2004). As the rationale expressed herein applies equally to both types of parties, I, too, draw no distinction between those terms here.