COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued by teleconference

GREENE COUNTY DEPARTMENT
 OF SOCIAL SERVICES

                                                    MEMORANDUM OPINION* BY
v.      Record No. 2522-05-2                        JUDGE SAM W. COLEMAN III
                                                    OCTOBER 10, 2006

GEORGE GREEN


                   FROM THE CIRCUIT COURT OF GREENE COUNTY
                          Richard J. Jamborsky, Judge Designate

              Andrew Wilder, Deputy County Attorney, for appellant.

              Helen E. Phillips for appellee.


        Greene County Department of Social Services (DSS) appeals the trial court's decision to

deny its petition for termination of George Green's (Green) residual parental rights to his now

five-year-old daughter. Green filed a motion to dismiss the appeal, contending that because DSS

neither named Green's counsel in the notice of appeal nor mailed a copy of the notice to counsel as

required by Rule 5A:6 we have no jurisdiction to entertain the appeal. We agree and, therefore, we

dismiss the appeal.

                                        BACKGROUND

        The relevant facts are not contested. During the termination proceedings in Greene County

Circuit Court, Helen Phillips represented Green. Phillips appeared on Green's behalf at the

evidentiary hearing, and she endorsed the order of termination, entered on October 3, 2005. The

trial court denied the petition to terminate Green's parental rights to his daughter. DSS timely filed

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

a notice of appeal, within the thirty days, as required by Rule 5A:6(a), naming Green as the appellee, but naming Mary-Susan Payne as counsel for Green. The certificate, as required by Rule 5A:6(d), recited that a copy of the notice was mailed to Mary-Susan Payne. The notice of appeal was not mailed to Green or to Helen Phillips, his counsel of record in the circuit court.

## ANALYSIS

It is uncontested that DSS timely filed the notice of appeal with the trial court as required by Rule 5A:6(a).[1] The question then becomes whether DSS mailed a copy of the notice to "all opposing counsel" as mandated by Rule 5A:6(d)(2) and Rule 5A:1(7).[2] DSS contends that Payne, not Phillips, had become "opposing counsel" because subsequent to the time Phillips had endorsed and submitted the circuit court termination order but before the date the circuit judge entered the order, the juvenile and domestic relations district court had removed Phillips as Green's counsel and appointed Payne in her stead. Although the record of the subsequent juvenile and domestic relations district court proceedings are not part of the record before us, DSS asserts, and Green does not challenge the point, that after the circuit court ruled on the termination petition the matter was remanded to the juvenile and domestic relations district court to superintend the child's continued foster care and possible adoption.

Accepting that the juvenile and domestic relations district court removed Phillips as Green's counsel after remand for subsequent supervision, that substitution of counsel in that court would not

---

[1] Rule 5A:6(a) Timeliness.

> No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

[2] Rule 5A:6(d)(2) provides: "The appellant shall include with the notice of appeal a certificate stating . . . that a copy of the notice of appeal has been mailed or delivered to all

affect Phillips's status as Green's counsel of record in the circuit court termination proceeding. Rule 1:5 defines "counsel of record" as:

> a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case. Counsel of record shall not withdraw from a case except by leave of court after notice to the client of the time and place of a motion for leave to withdraw.

The circuit court did not remove Phillips as counsel of record in the termination proceeding. Thus, she remained counsel of record in the circuit court termination proceedings, which is the matter on appeal to this Court. See Francis v. Francis, 30 Va. App. 584, 589, 518 S.E.2d 842, 845 (1999) (holding that once an attorney has appeared as counsel of record, that attorney remains counsel of record until the court enters a withdrawal order).

"[A] court lacks the power to proceed with a suit unless all necessary parties are properly before the court." Asch v. Friends of Mt. Vernon Yacht Club, 251 Va. 89, 91, 465 S.E.2d 817, 818 (1996). "[A]n appellant's failure to name . . . an indispensable party, in either a notice of appeal or an accompanying certificate of service, renders this Court powerless to exercise jurisdiction over that indispensable party." Watkins v. Fairfax County, 42 Va. App. 760, 770-71, 595 S.E.2d 19, 24-25 (2004). Moreover "a notice of appeal that entirely omits an indispensable party fails to transfer jurisdiction over that party to the appellate court . . . ." Id. at 772, 595 S.E.2d at 25.

DSS does not contend that "opposing counsel" is not a necessary party, only that Ms. Phillips was not "opposing counsel" at the time the appeal was noted. We disagree. Phillips continued as "opposing counsel" in the termination proceeding in circuit court and, as such was an indispensable party.[3]

_____

opposing counsel." Rule 5A:1(7) defines "opposing counsel" as "depending on the context, counsel for appellant or counsel for appellee."

[3] We note that DSS, on December 1, 2005, more than thirty days after the circuit court's termination order entered October 3, 2005, hand delivered a copy of the original notice of appeal to

Here, because opposing counsel did not receive notice of the appeal within thirty days after entry of the final judgment as required by Rule 5A:6(a), this Court has no jurisdiction. Thus, once the thirty-day period has expired, the appeal cannot be resurrected.

CONCLUSION

Because DSS did not name Phillips as "opposing counsel" in the notice of appeal nor was a copy of the notice mailed to Phillips within the thirty-day mandate of Rule 5A:6, we hold that DSS failed to properly and timely note its appeal. Accordingly, we dismiss the appeal.

Dismissed.

---

Phillips. Phillips filed an appellee's brief on March 27, 2006 along with the motion to dismiss. This notice of appeal was delivered to "opposing counsel," who was an indispensable party, beyond the thirty days mandated by Code § 8.01-675.3 and Rule 5A:6. In Watkins, we rejected a similar argument that attempted to resurrect our jurisdiction.

> We did not hold in Hughes [v. York County Dep't of Soc. Servs., 36 Va. App. 22, 548 S.E.2d 237 (2001),] that a party who entirely omits an indispensable party from his or her notice of appeal or accompanying certificate of service, and fails to cure that defect within the mandatory 30-day filing period, may correct that omission by subsequently providing the indispensable party with a copy of the defective notice and certificate of service, or by providing the indispensable party with a copy of the opening brief. Indeed, notice, in and of itself that an appeal has been taken is insufficient to confer an appellate court with "jurisdiction over the indispensable party against whom no appeal has been properly perfected." Asch, 251 Va. at 93, 465 S.E.2d at 819.

Id. at 772-73, 595 S.E.2d at 25-26.