COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


LATOYA POWELL

                                             MEMORANDUM OPINION[*] BY

v.       Record No. 0286-07-4            JUDGE ROSEMARIE ANNUNZIATA
                                                APRIL 29, 2008

ARLINGTON COUNTY DEPARTMENT
  OF HUMAN SERVICES


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N. A. Kendrick, Judge

Carla F. Ward for appellant.

Mary E. Craig, Assistant County Attorney (Jonnise M. Conanan,
Assistant County Attorney, on brief), for appellee.

Anita Van McFadden, Guardian *ad litem* for the minor child.


Latoya Powell appeals the decision of the circuit court terminating her residual parental

rights to her minor child.  Powell contends that the circuit court trial judge erred in finding the

evidence sufficient to support the termination pursuant to Code § 16.1-283(C)(2).  Powell also

claims the trial judge erred in admitting certain hearsay evidence during the termination

proceedings.  Because we find that Powell failed to properly perfect her appeal, we do not reach

the merits of these issues and we dismiss her appeal.

Powell was represented by counsel throughout the termination proceedings.  At the

conclusion of the hearing on November 9, 2006, and after objecting to the trial court's rulings,

Powell's attorney stated:

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> That said, I ask that an appeal be noted for the record, as requested by my client. However, I will not – I would not want to represent her on that appeal as I have taken this case as far as I can. I disagree that there's an appealable issue, and I ask to be removed and withdrawn as Ms. Powell's counsel and said removal be reflected on the record.

Without appointing new counsel to represent Powell on appeal, the trial court granted trial counsel's request and removed her from further representation of Powell. This action was noted in the November 9, 2006 final order. Trial counsel took no further action on the appeal.

On December 8, 2006, Powell filed her own notice of appeal, *pro se*. The notice of appeal states that "[a] copy of this Notice of Appeal has been mailed or delivered to all opposing counsel . . . ." However, the guardian *ad litem* was not listed on the notice of appeal and Powell did not certify that a copy of the notice was mailed or delivered to the guardian *ad litem* in accordance with Rule 5A:6(d).[1] Additionally, there is no evidence that Powell mailed or delivered a copy of the notice to the guardian *ad litem* within thirty days after entry of the final order.

"[A]n indispensable party must be named in the notice of appeal in order to properly perfect the appeal." Watkins v. Fairfax County, 42 Va. App. 760, 766, 595 S.E.2d 19, 22 (2004).

> [I]n a suit involving a termination of parental rights, a guardian *ad litem* for the child or children is an indispensable party to the appeal and, thus, qualifies as an "opposing counsel" under Rule 5A:6(a), to whom the appellant has a duty to mail or deliver a copy of the notice of appeal. Hughes v. York County Dep't of Soc. Servs., 36 Va. App. 22, 25-26, 548 S.E.2d 237, 238-39 (2001).

M. G. v. Albemarle County, 41 Va. App. 170, 177, 583 S.E.2d 761, 764 (2003). Accordingly, "an appellant's failure to name the guardian *ad litem*, an indispensable party, in either a notice of appeal or an accompanying certificate of service, renders this Court powerless to exercise

---

[1] Although counsel for the Department of Human Services was listed on Powell's notice of appeal, counsel indicated at oral argument that she had not received notice either.

- 2 -

jurisdiction over that indispensable party." Watkins, 42 Va. App. at 770-71, 595 S.E.2d at 24-25.

Because Powell failed to name an indispensable party in her notice of appeal or accompanying certificate of service within the thirty-day mandatory filing period, this Court never obtained jurisdiction over the person of that party during that time period.[2] Powell, thus, failed to properly perfect her appeal within the mandatory thirty-day time limitation. See Rule 5A:3(a); Rule 5A:6; see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court."). Accordingly, we must dismiss Powell's appeal.

Dismissed.

---

[2] The fact that the guardian *ad litem* filed a letter brief supporting Powell's position does not change our analysis. The record does not indicate the guardian received timely notice of the appeal. Further, "notice, in and of itself that an appeal has been taken is insufficient to confer an appellate court with 'jurisdiction over the indispensable party against whom no appeal has been properly perfected.'" Watkins, 42 Va. App. at 772-73, 595 S.E.2d at 25-26 (quoting Asch v. Friends of Mt. Vernon Yacht Club, 251 Va. 89, 93, 465 S.E.2d 817, 819 (1996)).

- 3 -