COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Petty
Argued at Salem, Virginia


ROBERT EDWARD WOODY

                                                              OPINION BY
v.        Record No. 2716-07-3                   JUDGE WILLIAM G. PETTY
                                                           DECEMBER 30, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF AMHERST COUNTY
                                J. Michael Gamble, Judge

            Joseph A. Sanzone (Sanzone & Baker, on briefs), for appellant.

            Josephine F. Whalen, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on briefs), for appellee.


        Following a bench trial, Robert Edward Woody was convicted of driving while

intoxicated in violation of Amherst County Code § 9.1 and refusal to submit to a breath or blood

test in violation of Code § 18.2-268.3.  Woody argues on appeal that the evidence was

insufficient to convict him of driving while intoxicated.  For the following reasons, we hold that

we do not have jurisdiction to hear this appeal; therefore, we dismiss the appeal.

                                         I.  BACKGROUND

        Investigator Jason Staton of the Amherst County Sheriff's Department observed Woody

drive out of a parking lot and cross four lanes of traffic.  Staton was forced to apply his brakes in

order to avoid contact.  Investigator Staton initiated his emergency lights and pulled Woody over

into another parking lot.  After approaching the vehicle and speaking to Woody, Staton could

smell a strong odor of alcohol and a strong odor of burning marijuana within the vehicle.  Staton

also noticed Woody's "red glossy [sic] eyes."

Woody admitted to drinking one beer an hour before this traffic stop occurred. Staton directed Woody to perform several field sobriety tests. After observing Woody's performance, Staton arrested him for driving under the influence and advised him of his <u>Miranda</u> warnings and the Virginia implied consent law. Staton told Woody that he would have to take a blood test, and Woody refused.

Staton issued Woody a summons charging him with refusing to take a blood test "in violation of Section 18.2-268.3, Code of Virginia." A magistrate issued a warrant on the driving while intoxicated charge. The warrant recited that Woody was charged with a "Misdemeanor (Local)" and that Amherst County was the prosecuting entity. The warrant further alleged that Woody "did unlawfully in violation of Section 18.2-266/9.1, Code of Ordinances of this city, county or town" drive while intoxicated.[1]

---

[1] Code § 9.1 of the Amherst County Code states, in pertinent part:

> Pursuant to the authority of Code of Virginia, § 46.2-1313 and Code of Virginia, § 1-13.39:2, all of the appropriate provisions and requirements of the laws of the state contained in VA. Code Ann. Title 46.2, in Article 9 of Chapter 11 of Title 16.1 of the Code of Virginia (Code of Virginia, § 16.1-278 et seq.), and in Article 2 of Chapter 7 of Title 18.2 of Code of Virginia (Code of Virginia, § 18.2-266 et seq.), as in effect on July 1, 2006, and as amended thereafter, except those provisions and requirements the violation of which constitutes a felony, and except those provisions and requirements which by their very nature can have no application to or within the county, are hereby adopted and incorporated in this chapter by reference and made applicable within the county. Such incorporation by reference is specifically intended to include future amendments to the state statutes cited above.

> \* \* \* \* \* \* \*

> It shall be unlawful for any person within the county to violate or fail, neglect or refuse to comply with any provision of said Code of Virginia which is adopted by this section; provided, that in no event shall the penalty imposed for the violation of any provision or requirement hereby adopted exceed the penalty imposed for a similar offense under said Title 46.2, Article 9 of Chapter 11 of

Woody was tried and convicted of both counts in the General District Court of Amherst County. Woody appealed his convictions to the Circuit Court of Amherst County and, on October 22, 2007, he was again convicted of both charges. On November 9, 2007, Woody filed a notice of appeal styled "Commonwealth of Virginia v. Robert Edward Woody" in the circuit court clerk's office. The notice of appeal named the Commonwealth of Virginia as the appellee. Woody then petitioned this Court to grant his appeal of both convictions.

We granted Woody's petition on the first question regarding the sufficiency of the evidence on the driving under the influence charge; however, we did not grant the petition on the second question presented concerning the refusal conviction because we lack jurisdiction.[2] Because of inconsistencies in the trial court's final order we directed the trial court to clarify whether Woody was convicted under Amherst County Code § 9.1 or Virginia Code § 18.2-266. By order dated October 30, 2008, the trial court clarified that "the defendant was convicted of driving while intoxicated, 1st [sic] offense, in violation of §9.1 of the Amherst County Code." The trial court then entered a corrected conviction order clearly indicating that Woody was convicted of a violation of the County ordinance.

Prior to oral argument, we ordered counsel for both parties to submit supplemental briefs addressing the following question: "Does this Court have jurisdiction to hear this appeal where

Title 16.1 or Article 2 of Chapter 7 of Title 18.2 of the Code of Virginia.

This ordinance incorporates a number of criminal statutes and the reference to Code § 18.2-266 simply serves to identify the specific state statute upon which the County based its prosecution.

[2] Code § 18.2-268.3(D) makes the first offense of refusal of a blood or breath test a civil offense over which we do not have jurisdiction. Code § 17.1-405; see also Commonwealth v. Rafferty, 241 Va. 319, 402 S.E.2d 17 (1991) (explaining that unreasonable refusal is civil and administrative proceeding); Thomas v. Commonwealth, 24 Va. App. 49, 480 S.E.2d 135 (1997) (*en banc*). We ordered that the appeal be transferred pursuant to Code § 8.01-677.1 to our Supreme Court for review upon the completion of this appeal.

(a) the final order reflects that the prosecution was brought by the County under a local ordinance, and (b) the notice of appeal identified the Commonwealth of Virginia and not the County of Amherst as the appellee?" Thus, before we can reach the merits in this case, we must first determine that we have jurisdiction to adjudicate this appeal.

## II. ANALYSIS

### A.

The Commonwealth filed a supplemental brief arguing that we do not have jurisdiction to hear this matter because Woody did not join the County, an indispensable party, as a party to this appeal. The Commonwealth argues "where an appellant has failed to include an indispensable party in a timely filed notice of appeal, the appellate court is deprived of jurisdiction over the party and the appeal must be dismissed." Supp. Appellee's Br. at 4.[3] Woody concedes that the County was neither named as an appellee nor included in the caption of his notice of appeal; however, he argues that Rule 5A:6 governing a notice of appeal is not jurisdictional and the "County of Amherst suffered no prejudice as the 'proper' appellee." Supp. Appellant's Br. at 5. Woody reasons that "the attorney for the Commonwealth Attorney's office who prosecuted [him] received timely notice of the appeal pursuant to Rule 5A:6 and all filings since that time from both parties have referenced this case without any confusion as to what was being appealed." Id. For the following reasons, we conclude that we lack jurisdiction to adjudicate this appeal.

Our jurisprudence relating to a notice of appeal to this Court and the failure to join an indispensable party is well settled. Code § 17.1-407 prescribes "[t]he notice of appeal in *all*

---

[3] While the Attorney General has responded and appeared, he did so as the legal representative of the Commonwealth and not the County of Amherst. "In all criminal cases before the Court of Appeals or the Supreme Court in which the Commonwealth is a party or is directly interested, the Attorney General shall appear and represent the Commonwealth." Code § 2.2-551.

cases within the jurisdiction of the court *shall* be filed with the clerk of the trial court . . . and a copy of such notice shall be mailed or delivered to *all* opposing counsel and parties not represented by counsel . . . ." (Emphasis added). Further, "[t]he notice of appeal to the Court of Appeals *shall* be filed in every case within the court's appellate jurisdiction as provided in [Code] § 8.01-675.3." Code § 17.1-408 (emphasis added). Code § 8.01-675.3, in turn, requires that "a notice of appeal . . . *shall* be filed within 30 days from the date of any final judgment order, decree or conviction." (Emphasis added).

Pursuant to its authority under Code § 8.01-3, our Supreme Court essentially incorporated all of these statutory requirements and promulgated Rule 5A:6:

> (a) Timeliness. — No appeal *shall* be allowed unless, within 30 days after entry of final judgment . . ., counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.
>
>      *     *     *     *     *     *     *
>
> (d) Certificate. — The appellant shall include with the notice of appeal a certificate stating:
>
> (1) the names and addresses of all appellants and appellees, the names, addresses, and telephone numbers of counsel for each party, and the address and telephone number of any party not represented by counsel.

(Emphasis added). We have, on several occasions, characterized this requirement as "mandatory." E.g., Watkins v. Fairfax County Dep't of Family Services, 42 Va. App. 760, 774, 595 S.E.2d 19, 26 (2004).[4] If the notice of appeal is not filed within 30 days, "the notice is 'ineffective' and the appeal is never properly perfected." Id. (quoting Zion Church Designers &

---

[4] We note, however, that on October 31, 2008, our Supreme Court amended Rule 5A:6 to add a new subparagraph (f) which provides that "[n]o appeal shall be dismissed because the Notice of Appeal fails to identify a guardian ad litem or to provide notice to the guardian ad litem." The amendment is effective January 1, 2009 and does not affect this analysis. This exception only applies to a guardian *ad litem*.

- 5 -

Builders v. McDonald, 18 Va. App. 580, 583, 445 S.E.2d 704, 706 (1994) (recognizing that the time requirement is jurisdictional)).

B.

The notice of appeal is an important aspect of appellate litigation for several reasons. First, it initiates the appeal.[5] Second, it gives notice to the parties that the litigation is not yet over and the victory in the lower court may be short-lived.[6] Third, it transfers jurisdiction of the case from the circuit court to the appellate court. Id. at 772, 595 S.E.2d at 25. And fourth, and most important for this case, it joins the indispensable and necessary parties to the appeal and subjects them to the authority of the appellate court. Id. at 774, 595 S.E.2d at 26; Zion, 18 Va. App. at 584, 445 S.E.2d at 706.

"The Supreme Court of Virginia has used the terms 'indispensable parties' and 'necessary parties' synonymously." Watkins, 42 Va. App. at 765, 595 S.E.2d at 22 (citing Asch v. Friends of the Community of Mount Vernon Yacht Club, 251 Va. 89, 90-91, 465 S.E.2d 817, 818 (1996)). Accordingly, our Supreme Court has defined the terms broadly:

> Where an individual is in the actual enjoyment of the subject matter, or has an interest in it, either in possession or expectancy, which is likely either to be defeated or diminished by the [appellant's] claim, in such case he has an immediate interest in resisting the demand, and all persons who have such immediate interests are necessary parties to the suit.

*    *    *    *    *    *    *

---

[5] "Filing the notice of appeal starts three important functions relating" to the appeal: (1) "[e]xamination and correction of the record before it leaves the clerk's office," (2) "[d]esignation for printing of those parts of the record needed to support trial rulings," and (3) "[p]reparation of a brief in opposition to the appeal (although this cannot be completed until after the petition for appeal is filed)." John L. Costello, Virginia Criminal Law & Procedure 1058 (4th ed. 2008).

[6] We noted in Watkins that the "right to know when [litigation] is ended is a valuable right" because "litigation is a serious and harassing matter." Watkins, 42 Va. App. at 771, 595 S.E.2d at 25 (internal quotation marks and citations omitted).

> [An indispensable party's] interest in the subject matter of the suit, and in the relief sought, [is] so bound up with that of the other parties, that [its] legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed. In such cases the court refuses to entertain the suit, when these parties cannot be subjected to its jurisdiction.

Asch, 251 Va. at 90-91, 465 S.E.2d at 818 (internal quotation marks and citations omitted).

In this case, Woody filed a notice of appeal within the mandatory thirty-day time period, but he never named the County as a party – neither as an appellant nor as an appellee. There is no doubt that the County is an indispensable party. It is clear from the record and the trial court's October 30, 2008 order that the County was the prosecuting authority for the driving while intoxicated charge. It is also clear from the record that Woody named the Commonwealth of Virginia as appellee in his notice of appeal, petition for appeal, and opening brief of appellant. Further, in Woody's certificate to his notice of appeal, Woody specifically stated, "[t]he name of appellee is The Commonwealth of Virginia."

The County obviously has a strong interest in prosecuting crimes such as driving while intoxicated because these violations present a real danger to the health and safety of its citizens. Having prevailed in the trial court, the County clearly has a substantial and immediate interest in opposing Woody's appeal. Further, the County bears the burden of the costs of the prosecution and, pursuant to Code §§ 19.2-340 and 46.2-1308, the County receives the benefit of any fines the court imposes as a punishment. Thus, the County's "interest[] in the subject matter of the suit, and in the relief sought, [is] so bound up with that of the other parties, that [its] legal presence as [a] part[y] to the proceeding is an absolute necessity, without which the court cannot proceed." Asch, 251 Va. at 91, 465 S.E.2d at 818.

C.

Woody argues that by serving his notice on the Commonwealth's Attorney he effectively joined the County as a party. However, this case involved two simultaneous prosecutions – one on behalf of the Commonwealth (the refusal charge) and one on behalf of the County (the DUI charge). While the Commonwealth's Attorney for Amherst County prosecuted both, in doing so she represented both the County and the Commonwealth. Even though she received a copy of the notice of appeal, there was nothing in the notice that would alert her or the County to the fact that Woody intended to appeal the DUI conviction as well as the refusal conviction.

Woody also maintains that the "failure to strictly observe [these requirements] is an 'insubstantial defect' and does not deprive this Court of jurisdiction over his appeal because there can be no doubt that he is appealing a judgment from the Amherst Circuit Court to the Court of Appeals." Supp. Appellant's Br. at 4. Even though Woody concedes the mandatory nature of the time requirement and the statements that must be made in the certificate, "he avers that captioning information is not a jurisdictional matter where, as in the case at bar, the opposing party and the Court of Appeals can have no doubt as to the issues it is being asked to address on appeal." Id. at 5.

However, our Supreme Court held in Asch, and we noted in Watkins, that "'[t]he mere fact that an indispensable party who was a litigant in the trial court has notice that an appeal has been perfected against another litigant is not sufficient to confer [an appellate court's] jurisdiction over the indispensable party against whom no appeal has been properly perfected.'" Watkins, 42 Va. App. at 766, 595 S.E.2d at 22 (quoting Asch, 251 Va. at 93, 465 S.E.2d at 819). In other words, simply filing a notice of appeal within thirty days without joining all indispensable parties is *not* sufficient to transfer jurisdiction over the party from the circuit court to this Court. Id. at 772, 595 S.E.2d at 25 ("[A] notice of appeal that entirely omits an

- 8 -

indispensable party fails to transfer jurisdiction over that party to the appellate court . . . .”). Further, even if Woody could prove that the County received actual notice of the appeal and is not prejudiced by this defect,[7] actual notice of the appeal to the indispensable party does not cure this jurisdictional deficiency.

Both this Court and our Supreme Court have unequivocally held that the failure to join an indispensable party is a jurisdictional defect that requires dismissal of the appeal. Asch, 251 Va. at 91, 465 S.E.2d at 818-19 (holding that the appeal must be dismissed because the Yacht Club was an indispensable party and the respondents failed to make the Yacht Club a party to the appeal); Watkins, 42 Va. App. at 765, 595 S.E.2d at 21-22 (holding a guardian *ad litem* is an indispensable party in termination of parental rights cases and the failure to include such a party requires dismissal); see also Jay v. Commonwealth, 275 Va. 510, 517, 659 S.E.2d 311, 315 (2008) (stating that “*dismissing* rather than *denying* the appeal[]” renders the defect jurisdictional). Further, “an indispensable party must be named in the notice of appeal in order to properly perfect the appeal.” Watkins, 42 Va. App. at 766, 595 S.E.2d at 22. Thus, “an appellant’s failure to name . . . an indispensable party, in either a notice of appeal or an accompanying certificate of service, renders this Court powerless to exercise jurisdiction over that indispensable party.” Id. at 770-71, 595 S.E.2d at 24-25; see also Asch, 251 Va. at 91, 465 S.E.2d at 818 (“[A] court lacks the power to proceed with a suit unless all necessary parties are properly before the court.”).

To adjudicate an appeal, this Court must have jurisdiction over the appeal itself and the indispensable parties. Watkins, 42 Va. App. at 773, 595 S.E.2d at 26. Where one, or both, is

---

[7] The County has not appeared as a party on any pleading filed in this Court. It has not filed a brief in opposition to Woody’s petition for appeal nor a brief in opposition to Woody’s opening brief. In fact, there is no evidence in the record that the County is even aware that this appeal is pending. Thus, the argument that the opposing party is fully aware of the issues is completely unsupported by the facts.

lacking, we cannot adjudicate the appeal. For this Court to obtain jurisdiction over an individual who was a party in the trial court, the party must be named in the notice of appeal. Otherwise, we lack jurisdiction over the person. "As the Supreme Court of Virginia has made plain, these rules have been designed to protect the appellee, not to penalize the appellant." Id. at 771, 595 S.E.2d at 25. Therefore, contrary to Woody's argument, the exclusion of indispensable parties in the caption of the notice of appeal or in the certificate of service is not a mere deficiency in formality, "failure to perform a discretionary act," or "error of internal reference." Id. at 770, 595 S.E.2d at 24 (internal quotation marks and citations omitted). Rather, it is a "failure to comply with a requirement made mandatory by both statute and rule," and, more importantly, it is a failure to transfer jurisdiction over the indispensable party from the trial court to the appellate court. Id. Here, even though we have jurisdiction over the appeal itself, we do not have jurisdiction over the County – an indispensable party.

Thus, we conclude that even though the appellant filed a notice of appeal within the thirty-day time period, his failure to join an indispensable party within that mandatory time period deprives us of jurisdiction to consider the appeal.

III. CONCLUSION

For the foregoing reasons, we dismiss Woody's appeal.

Dismissed.