COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Petty and Alston
Argued by teleconference


ROBERT EDWARD WOODY

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2909-08-3           JUDGE ROSSIE D. ALSTON, JR.
                                                         JULY 20, 2010
COUNTY OF AMHERST


FROM THE CIRCUIT COURT OF AMHERST COUNTY
J. Michael Gamble, Judge

    Joseph A. Sanzone (Sanzone & Baker, P.C., on brief), for
    appellant.

    (W. Lyle Carver, Assistant Commonwealth's Attorney, on
    brief), for appellee.  Appellee submitting on brief.


    Robert Edward Woody appeals his conviction for driving under the influence of alcohol.

Because he has not properly perfected his appeal to this Court, we dismiss the appeal.

I.  BACKGROUND

    A panel of this Court previously discussed the factual circumstances that resulted in

Woody's arrest for driving under the influence in Woody v. Commonwealth, 53 Va. App. 188,

670 S.E.2d 39 (2008) (hereinafter "Woody I").  We will not restate those facts here; rather, we

will relate only those facts specifically relevant to the instant appeal.

    On June 7, 2007, a deputy of the Amherst County's Sheriff's Department arrested Woody

for driving under the influence.[1]  A warrant of arrest was issued by the Amherst County

---

      [*]Pursuant to Code § 17.1-413, this opinion is not designated for publication.

      [1] The deputy also charged appellant with refusing to take a blood test "in violation of
Section 18.2-268.3, Code of Virginia."  Appellant was tried and convicted of this offense.  That
conviction is not the subject of this appeal.

magistrate on a preprinted form, which described the offense as a "Misdemeanor (Local)" and identified the offense as a "violation of Section 18.2-266/9.1, Code or Ordinances of this city, county or town."[2]  The General District Court of Amherst County heard Woody's case, and found him guilty of driving under the influence.  Woody timely appealed his conviction to the Circuit Court of Amherst County.  After a bench trial, the trial court found Woody guilty of driving while intoxicated on October 22, 2007.  The sentencing order (hereinafter "October 22, 2007 order") was styled, "County of Amherst v. Woody."  It stated that Woody was charged with violating "Code Section 18.2-266, Local Ordinance," and Woody was convicted for a violation of Code § 18.2-266.

_____

[2] Section 9.1 of the Amherst County Code states in pertinent part:

> Pursuant to the authority of Code of Virginia, § 46.2-1313 and Code of Virginia, § 1-13.39:2, all of the appropriate provisions and requirements of the laws of the state contained in VA. Code Ann. Title 46.2, in Article 9 of Chapter 11 of Title 16.1 of the Code of Virginia (Code of Virginia, § 16.1-278 et seq.), and in Article 2 of Chapter 7 of Title 18.2 of Code of Virginia (Code of Virginia, § 18.2-266 et seq.), as in effect on July 1, 2006, and as amended thereafter, except those provisions and requirements the violation of which constitutes a felony, and except those provisions and requirements which by their very nature can have no application to or within the county, are hereby adopted and incorporated in this chapter by reference and made applicable within the county.  Such incorporation by reference is specifically intended to include future amendments to the state statutes cited above.
>
> *     *     *     *     *     *     *
>
> It shall be unlawful for any person within the county to violate or fail, neglect or refuse to comply with any provision of said Code of Virginia which is adopted by this section; provided, that in no event shall the penalty imposed for the violation of any provision or requirement hereby adopted exceed the penalty imposed for a similar offense under said Title 46.2, Article 9 of Chapter 11 of Title 16.1 or Article 2 of Chapter 7 of Title 18.2 of the Code of Virginia.

Within 30 days of the entry of the October 22, 2007 order, Woody filed a notice of appeal styled "Commonwealth of Virginia v. Robert Edward Woody" and naming the Commonwealth of Virginia as the appellee. This Court granted Woody's petition for appeal challenging the sufficiency of the evidence on the driving under the influence charge. "Prior to oral argument, [this Court] ordered counsel for both parties to submit supplemental briefs addressing the following question: 'Does this Court have jurisdiction to hear this appeal where (a) the final order reflects that the prosecution was brought by the County under a local ordinance, and (b) the notice of appeal identified the Commonwealth of Virginia and not the County of Amherst as the appellee?'" Woody I, 53 Va. App. at 193, 670 S.E.2d at 42. Shortly thereafter, Woody filed a "Motion for Permission to File a Motion to Correct a Clerical Error" in this Court, in which Woody "move[d] for permission to file a Motion to Correct the style of Case Number CR07013085-01 in Amherst Circuit Court from 'County of Amherst v. Robert Edward Woody' to 'Commonwealth of Virginia v. Robert Edward Woody.'"[3] Woody asserted that the Commonwealth did not object to the motion.

One month later, on October 26, 2008, this Court remanded the case to the trial court, stating,

> Because there is ambiguity as to whether the trial court found appellant guilty of a violation of Section 18.2-266 of the Code of Virginia or of Section 9.1 of the Amherst County Code (incorporating Section 18.2-266)[,] we remand this to the trial court for entry of a corrected order clearly showing whether it convicted appellant for a violation of the Code of Virginia or of the Amherst County Code.

On October 30, 2008, the trial court entered a corrected order (hereafter "October 30, 2008 order") that clearly indicated that Woody was convicted of a violation of Amherst County Code § 9.1.

---

[3] CR07013085-01 was the case number assigned to the instant case in the trial court.

This Court published Woody I on December 30, 2008. It dismissed Woody's appeal of the October 22, 2007 order on the grounds that this Court did not have jurisdiction over Amherst County. Id. at 200, 670 S.E.2d at 45. This Court found:

> Woody filed a notice of appeal within the mandatory thirty-day time period, but he never named the County as a party-neither as an appellant nor as an appellee. There is no doubt that the County is an indispensable party. It is clear from the record and the trial court's October 30, 2008 order that the County was the prosecuting authority for the driving while intoxicated charge. It is also clear from the record that Woody named the Commonwealth of Virginia as appellee in his notice of appeal, petition for appeal, and opening brief of appellant. Further, in Woody's certificate to his notice of appeal, Woody specifically stated, "[t]he name of appellee is The Commonwealth of Virginia."

Id. at 197, 670 S.E.2d at 44. This Court found the County was an indispensable party to the appeal, and thus this Court did not have jurisdiction over Amherst County due to Woody's "failure to comply with a requirement made mandatory by both statute and rule, and, more importantly, . . . [its] failure to transfer jurisdiction over the indispensable party from the trial court to the appellate court." Id. at 199-200, 670 at 45 (citing Watkins v. Fairfax County Dep't of Family Servs., 42 Va. App. 760, 770-73, 595 S.E.2d 19, 24-26 (2004)) (internal quotation marks omitted).

On November 26, 2008, before the publication of Woody I, appellant noted his appeal of the October 30, 2008 order, arguing that the Commonwealth's evidence was insufficient to prove beyond a reasonable doubt that appellant was guilty of driving under the influence. This Court granted the petition for appeal, and further directed the parties to brief the following question: "Whether the October 30, 2008 order is an appealable final order." The instant appeal followed.

## II. ANALYSIS

Preliminarily, we must determine whether the October 30, 2008 order is a final conviction order over which this Court has jurisdiction. Code § 17.1-406(A)(i) states that "[a]ny

aggrieved party may present a petition for appeal to the Court of Appeals from any *final* conviction in a circuit court." (Emphasis added). The Supreme Court of Virginia has held that "[t]he statutory language is restrictive, limiting the Court of Appeals' appellate jurisdiction to appeals from final criminal convictions and from action on motions filed and disposed of while the trial court retains jurisdiction over the case." Commonwealth v. Southerly, 262 Va. 294, 299, 551 S.E.2d 650, 653 (2001). Rule 5A:6(a)[4] provides the time frame in which the notice of appeal to this Court must be filed:

> No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

Woody argues that the October 30, 2008 order was the final order in the criminal prosecution below. Woody posits that the October 22, 2007 order left unsettled a vital question as to the true parties to the prosecution; therefore, it could not be the final conviction order, because "[a] decree is final only when the entire subject matter is disposed of and nothing left save such ministerial acts as may be necessary to its complete enforcement." Allen v. Parkey, 154 Va. 739, 749, 149 S.E. 615, 619 (1929) (citing Richardson v. Gardner, 128 Va. 676, 105 S.E. 225 (1920)). Woody asserts that the October 30, 2008 order accomplished more than the correction of a clerical error; according to Woody, it changed the prosecuting party from the Commonwealth to Amherst County, the pertinent criminal code from the Virginia Code to the

---

[4] On January 1, 2009, and July 1, 2010, Rule 5A:6(a) was amended to read

> No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, or within any specified extension there of granted by this Court under Rule 5A:3(a), counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel.

Amherst County Code, and to whom Woody paid the costs and fines associated with his conviction.

We disagree with Woody. In filing the motion for permission to correct a clerical error, Woody conceded that he was seeking the correction of a scrivener's error in the final order of the case. Thus, this Court remanded the case to the trial court for the entry of a "corrected order clearly showing whether it convicted appellant for a violation of the Code of Virginia or of the Amherst County Code." The October 30, 2008 order was entered pursuant to Code § 8.01-428(B), which provides:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

Code § 8.01-428(B) is a prescriptive statutory provision simply providing a mechanism to correct non-substantive errors in the record. It neither enhances nor diminishes the jurisdiction of this Court. Accordingly, the October 30, 2008 order merely corrected a clerical error and clarified that Woody was convicted under the Amherst County Code in the October 22, 2007 order. As such, and as we found in Woody I, the October 22, 2007 order was the final appealable conviction order in the case. Because Woody failed to file a timely notice of appeal that named the proper prosecuting authority, we do not have jurisdiction over the appeal of Woody's conviction under Amherst County Code § 9.1. See Johnson v. Commonwealth, 1 Va. App. 510, 512, 339 S.E.2d 919, 920 (1986) (holding that "the failure to file a notice of appeal with the clerk of the trial court within 30 days after entry of final judgment as required in Rule 5A:6(a) is jurisdictional" (citing Williams v. Landon, 1 Va. App. 206, 336 S.E.2d 907 (1985); cf. Vaughn v. Vaughn, 215 Va. 328, 329, 210 S.E.2d 140, 142 (1974))).

## III.  CONCLUSION

Accordingly, we lack jurisdiction to consider the instant appeal, and must dismiss it.

<u>Dismissed.</u>