COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Chief Judge Decker, Judges Raphael and White

HARDESTY CONSTRUCTION, INC.

MEMORANDUM OPINION* BY
v.      Record No. 1579-23-2       CHIEF JUDGE MARLA GRAFF DECKER
                                        OCTOBER 15, 2024

MARY ANN WEEDON

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Rondelle D. Herman, Judge

(William A. Young, III; William A. Young, III, P.C., on briefs), for
appellant.

(David W. Thomas; MichieHamlett PLLC, on brief), for appellee.

Based on representations from Samuel Hardesty, Mary Ann Weedon contracted with

Hardesty Construction, Inc. to install a new roof on her home.  Weedon later initiated action in

the circuit court alleging that Hardesty had fraudulently induced her into the contract and that

Hardesty Construction breached the contract.  The case was tried by a jury.  Following the close

of Weedon's case-in-chief, Hardesty and Hardesty Construction moved to strike the claims

against them.  The court granted the motion to strike on the fraudulent inducement claim against

Hardesty but denied the motion as to the other two claims.  Following closing arguments, the jury

returned a verdict in favor of Weedon on her claim for breach of contract and awarded her damages

in the amount of $30,253.30.

On appeal, Hardesty Construction contends that the circuit court erred by allowing the jury

to consider Weedon's testimony that her home was "[c]onservatively" worth $40,000 less because

of Hardesty Construction's faulty work on the roof.  It further asserts that the court erred by denying

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

its motion to strike because "Weedon failed to prove her damages with reasonable certainty." Weedon assigns cross-error to the court's decision to grant Samuel Hardesty's motion to strike. For the reasons stated below, the Court does not address Weedon's cross-assignment of error because she failed to join Samuel Hardesty to this appeal and otherwise affirms the circuit court's judgment.[1]

BACKGROUND

Weedon owns a house in Glen Allen, Virginia. In 2017, she began searching for a contractor who could replace the roof of her house, which had been damaged by hail. During her search, Weedon spoke with Samuel Hardesty, the principal of Hardesty Construction. Hardesty represented "that his company was a GAF master elite certified company."[2] In addition, he told Weedon that he would "upgrade" her roof for free "because he wanted the other houses on the street." Hardesty explained that he would replace Weedon's roof with one made of "better quality materials," which would be covered by a "Silver Pledge warranty" issued by GAF.

Weedon accepted Hardesty Construction's offer, and she contracted for the services. While replacing the roof, Hardesty Construction's subcontractor damaged the home's vinyl siding, landscape lighting, coach lighting, and a fence post. Hardesty Construction agreed to reimburse Weedon for the cost of repairing the damage caused by the subcontractor. Weedon repaired the damage and submitted an invoice to Hardesty Construction for $1,022.14 (the "subcontractor repair invoice"). Weedon was not reimbursed, however, for the cost of these repairs.

---

[1] Having examined the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a). In addition, "the dispositive issue or issues have been authoritatively decided," and neither party has "argued that the case law should be overturned, extended, modified, or reversed." *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

[2] GAF is a roofing manufacturer that provides training so companies can receive its "GAF Master Elite Contractor" designation.

In August of 2017, soon after Hardesty Construction finished installing the new roof, Weedon noticed that the roof was "coming apart" at "the edges" and did not "look like [her] previous roof" or her "neighbor's roof that had just been replaced." Hardesty Construction did not dispute that it failed to properly install the roof. As a result, the company sent an employee who worked to correct the roof's deficiencies "two or three days a week" for "just under two months." After the employee completed his work, Weedon saw that the shingles on her roof "were crooked." Despite her concerns, Hardesty Construction informed her that "the roof was fine" and that "there was nothing else wrong with [the] roof." In October 2018, Weedon received a Silver Pledge warranty stating that her roof had been installed on October 5, 2017.

Based on her concerns, Weedon hired Earnie Haas, a roofing consultant, to inspect the work and determine whether it was "a good roof." Haas's findings included that the roof had: "reused" or "missing" flashing, impermissibly "wrapped" architectural shingles, and "an improper starter strip." He also noted "excessive nailing," which compromised the wood and the roof's structure.

A building inspector for Henrico County reviewed the work done on Weedon's roof. The county inspector found that Weedon's roof failed to comply with the "manufacturer's installation instructions" and violated the "Virginia Residential Code." Hardesty Construction was issued a "formal Notice of Violation" pursuant to the Virginia Uniform Statewide Building Code.

Following the notice of violation, Hardesty Construction agreed to replace Weedon's roof in its entirety for a second time. After completion, Weedon noticed "gaps in the roofline" and that the "ridge vent at the top of the roof" had been damaged. In addition, Weedon noticed that the roof's plywood sheathing had been nailed to the point that it had "come apart and was fraying" and that pieces of the sheathing "were laying in [her] attic." Haas inspected the second roof and concluded

the work done to "[i]t was basically the same as the . . . first roof." Weedon did not receive a Silver Pledge warranty for the second roof.[3]

Weedon filed a complaint in the circuit court against Hardesty and Hardesty Construction. The complaint alleged that Hardesty had "no present intent to fulfill [his] promises" to Weedon and he fraudulently induced her to contract with Hardesty Construction. The complaint further alleged that Hardesty Construction breached its contract with Weedon by failing to replace her roof in a "workmanlike manner" and provide her with a Silver Pledge warranty for the second roof.[4]

At trial, Weedon testified about her conversation with Samuel Hardesty that led her to choosing his company. She also explained her observations of the work performed by Hardesty Construction. She introduced into evidence copies of her contract with Hardesty Construction, the subcontractor repair invoice, and invoices for the attorney fees she had incurred in prior litigation against Hardesty Construction before the completion of the second roof.[5] In addition, Weedon testified that she had received quotes from other roofing companies and had "[d]one research" into "fixing the roof." Although Weedon did not introduce the quotes into evidence, she testified, without objection, that her home was "[c]onservatively" worth $40,000 less because of Hardesty

---

[3] No evidence was presented at trial as to whether the warranty that was received for the first roof would continue to cover the second roof in response to Weedon's claims that it did not.

[4] Weedon also claimed a violation of the Virginia Consumer Protection Act. The jury ultimately returned a verdict in favor of the defendants with respect to that claim, which Weedon does not contest on appeal.

[5] Weedon requested an award of attorney fees in connection with her fraudulent inducement claim against Hardesty but not her breach of contract claim against Hardesty Construction. At trial, the court granted Weedon's motion "to bifurcate the attorney[] fees issue in the event that the jury returns a verdict." When Weedon moved to introduce the attorney fees invoices during her case-in-chief, Hardesty and Hardesty Construction stated that they had "[n]o objection . . . except" that the trial had been bifurcated. In response, Weedon maintained that the invoices were "relevant as damages and fraud separate and apart from being recoverable as attorney[] fees." The circuit court ultimately admitted the invoices into evidence. During closing argument, Weedon argued, without objection, that she "had to spend" $9,231.16 in attorney fees to have Hardesty Construction "come back out and do the second reroof."

Construction's work. During cross-examination, Weedon conceded that her estimate was not based entirely on her own knowledge. She admitted she had "no idea" what it would cost to replace her roof. Weedon further acknowledged that she had "[p]artially" based her estimate on the quotes she had received from other roofing companies.[6]

Weedon also introduced testimony from the Henrico County building inspector.[7] In addition, Weedon introduced expert testimony from Haas about the specific issues with the first and second rooves. He explained to the jury how the second roof was "basically the same as the first" and failed to comply with the building code.[8] Haas further testified that the second roof and the sheathing would need to be "[c]omplet[ly] remov[ed] and replace[d]."

At the conclusion of Weedon's case-in-chief, Hardesty and Hardesty Construction moved to strike the claims against them. Hardesty Construction argued that Weedon had failed to introduce evidence of her damages in support of her breach of contract claim because her estimate as to the devaluation of her home was derived from hearsay quotes issued by other roofing companies. The court noted that Weedon's testimony "ha[d] already come in . . . with no objection at the time." In response, Hardesty Construction maintained that Weedon's estimate was "speculative" and that she had failed to prove her damages. Weedon referenced three pieces of evidence in the record supporting proof of damages. These pieces of evidence included the subcontractor repair invoice,

_____

[6] On redirect, Weedon agreed that her opinion "as to the reduction in value" to her home was also "informed by the work [Haas had] done for" her.

[7] The building inspector was asked if the second inspection revealed any issues with "the main roof," but he did not recall. He agreed that the issues listed in "the first violation" were "rectified" "because [he] didn't cite it again."

[8] Among other things, Haas explained that the second roof had "[i]mproper[ly] install[ed] . . . counter flashing," used incompatible metals, and was not installed in accordance with "the manufacturer's specifications." Haas also found that he could fit his hand under one of the roof's valleys, which had not been sealed.

the attorney fees invoice, and her valuation of the home "based in part on" third-party estimates but also on "her research [and] . . . conversations with Mr. Haas."

As to Weedon's fraudulent inducement claim, Samuel Hardesty argued that Weedon had failed to prove by clear and convincing evidence that he had made any misrepresentations. He emphasized that Weedon had received a Silver Pledge warranty. Weedon responded that Hardesty had promised that the work would be performed by GAF master elite contractors, that there was no evidence that the laborers who worked on her roof were GAF master elite certified, and that Hardesty Construction did not provide her with a Silver Pledge warranty for the second roof.

After considering the arguments of the parties, the court granted the motion to strike the fraudulent inducement claim against Samuel Hardesty but denied the motion to strike the other two claims. The defense did not present any evidence. Following closing arguments, the jury returned a verdict in favor of Weedon on her claim for breach of contract and awarded her damages in the amount of $30,253.30. Hardesty Construction filed a notice of appeal to this Court identifying itself as the sole appellant and Weedon as the sole appellee.

ANALYSIS

On appeal, Hardesty Construction contends that the circuit court erred by allowing the jury to consider Weedon's valuation testimony because it was not based solely on her personal knowledge. In addition, Hardesty Construction asserts that the court erred by denying its motion to strike because there was insufficient evidence presented as to damages. Weedon assigns cross-error to the circuit court's decision to grant the motion to strike on the fraudulent inducement claim against Samuel Hardesty.

I. Waiver of Hearsay Objection

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause

shown or to enable this Court to attain the ends of justice."[9]  Rule 5A:18.  "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Hogle v. Commonwealth*, 75 Va. App. 743, 755 (2022) (alterations in original) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)).  "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity."  *Swezey v. Commonwealth*, 77 Va. App. 809, 820 (2023) (quoting *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019)).  "Not just any objection will do.  It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it."  *Harper v. Commonwealth*, 77 Va. App. 231, 249 (2023) (quoting *Bethea*, 297 Va. at 743).  "If a party fails to timely and specifically object, he waives his argument on appeal."  *Swezey*, 77 Va. App. at 820.

Hardesty Construction argues that the circuit court erred by allowing the jury to consider Weedon's valuation testimony that was not based on her personal knowledge.  It concedes, however, that Weedon, as the owner, was permitted to provide opinion testimony on her home's value "regardless of [her] knowledge of property values."  Hardesty Construction, though, maintains that Weedon could not base her testimony on "the amount of a specific repair estimate by an out-of-court declarant over [the Company]'s hearsay objection."

Despite its current argument, Hardesty Construction did not contemporaneously object to Weedon's testimony as required by Rule 5A:18.  Instead, it first raised the hearsay objection to Weedon's testimony during its motion to strike her breach of contract claim.  At that point, the circuit court noted that her statements "ha[d] already come in with . . . no objection at the time."

---

[9] Hardesty Construction does not ask the Court to apply either exception to Rule 5A:18, and "the Court will not apply the exceptions *sua sponte*."  *Hogle v. Commonwealth*, 75 Va. App. 743, 756 (2022).

For an objection to be timely, it "must be made when the occasion arises-at the time the evidence is offered or the statement made." *Kovalaske v. Commonwealth*, 56 Va. App. 224, 229 (2010) (quoting *Marlowe v. Commonwealth*, 2 Va. App. 619, 621 (1986)).

Hardesty Construction explains that Weedon's testimony was "not objectionable at the time made" because "[i]t was not until cross examination that Weedon admitted that she did not know much about roofing and had no idea as to cost." It is true that "the proper objection may not [always] be obvious," but "under such circumstances" it is necessary to make an objection to preserve the issue "as soon as the dangerous drift of the examination becomes apparent." *Weimer v. Commonwealth*, 5 Va. App. 47, 57 (1987). Consequently, Hardesty Construction has waived its objection under Rule 5A:18 by waiting until its motion to strike to challenge Weedon's testimony as hearsay.

## II. Denial of Hardesty Construction's Motion to Strike

"At the conclusion of the plaintiff's evidence, a circuit court should grant a defendant's motion to strike only where 'it is conclusively apparent that plaintiff has proven no cause of action against [the] defendant.'" *Int'l Paper Co. v. Cnty. of Isle of Wight*, 299 Va. 150, 170 (2020) (alteration in original) (quoting *Brown v. Koulizakis*, 229 Va. 524, 531 (1985)). "When reviewing a circuit court's decision on a motion to strike, an appellate court must 'review the evidence in the light most favorable to the non-moving party,'" in this case Weedon. *J&R Enters. v. Ware Creek Real Est. Corp.*, 80 Va. App. 603, 608 (2024) (quoting *Kiddell v. Labowitz*, 284 Va. 611, 629 (2012)). Further, this Court will "accord the [non-moving party] the benefit of any inferences that may be fairly drawn from the evidence." *Curtis v. Highfill*, 298 Va. 499, 502-03 (2020).

For its second assignment of error, Hardesty Construction asserts that the circuit court erred by denying its motion to strike Weedon's breach of contract claim because Weedon failed to prove her damages with reasonable certainty. It further argues that Weedon's testimony, if properly

admitted, was insufficient to prove her damages because she testified that she had "no idea" what it would cost to replace her roof.

The law in this area is clearly established. "Proof of damages is an essential element of a breach of contract claim, and failure to prove that element warrants dismissal of the claim." *Collelo v. Geographic Servs.*, 283 Va. 56, 72 (2012) (quoting *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 156 (2009)). "The plaintiff bears the 'burden of proving with reasonable certainty the amount of damages and the cause from which they resulted . . . .'" *MCR Fed., LLC v. JB&A, Inc.*, 294 Va. 446, 461 (2017) (quoting *Shepherd v. Davis*, 265 Va. 108, 125 (2003)). "[S]peculation and conjecture cannot form the basis of the recovery." *Manchester Oaks Homeowners Ass'n v. Batt*, 284 Va. 409, 423 (2012) (quoting *Shepherd*, 265 Va. at 125). "Proof with mathematical precision is not required, but there must be at least sufficient evidence to permit an intelligent and probable estimate of the amount of damage." *Id.* (quoting *Dillingham v. Hall*, 235 Va. 1, 3-4 (1988)).

"The remedy for a breach of contract 'is intended to put the injured party in the same position in which it would have been had the contract been performed.'" *Bolton v. McKinney*, 299 Va. 550, 554 (2021) (quoting *Marefield Meadows, Inc. v. Lorenz*, 245 Va. 255, 261 (1993)). Virginia "has long recognized two methods of determining monetary damages in breach of construction contract cases." *Nichols Constr. Corp. v. Va. Mach. Tool Co.*, 276 Va. 81, 89 (2008). The applicable method "depend[s] upon the facts and circumstances of the particular case." *Mann v. Clowser*, 190 Va. 887, 905 (1950). The relevant method for determining damages in this case based on what Weedon asserted at trial is "the 'value rule' which is 'the difference between the

value of the [structure] properly completed according to the contract and the value of the defective structure.'"[10] *Nichols Constr.*, 276 Va. at 89 (alteration in original) (quoting *Mann*, 190 Va. at 903).

The evidence, when viewed in the light most favorable to Weedon, supports the circuit court's decision to deny the motion to strike the breach of contract claim. As the company concedes, Weedon, as the owner of her home, was permitted to testify regarding the value of her home. *See King v. King*, 40 Va. App. 200, 212 (2003) ("It is generally recognized that the opinion testimony of the owner of property . . . is competent and admissible on the question of the value of such property, regardless of his knowledge of property values."). In doing so, Weedon "[c]onservatively" estimated that her home was worth $40,000 less because of Hardesty Construction's faulty work. Weedon also introduced copies of her contract with Hardesty Construction, the subcontractor repair invoice, and the attorney fees invoices.[11] In sum, Weedon introduced evidence demonstrating the difference between the value of the roof she had contracted for and the deficient one she ultimately received, as well as the costs she incurred because of Hardesty Construction's breach of contract. As a result, the circuit court did not err by denying the motion to strike because it was not "conclusively apparent" that Weedon had failed to prove her damages. *See Int'l Paper Co.*, 299 Va. at 170 (quoting *Brown*, 229 Va. at 531).

---

[10] Notably, Hardesty Construction argues that "[t]he proper measure of damages for Weedon's [b]reach of [c]ontract claim should be based on [the] cost to repair [her roof], not devaluation of property value." We do not consider this argument on appeal because Hardesty Construction did not raise it in its motion to strike or in its motion to set aside the verdict. *See Pergolizzi v. Bowman*, 76 Va. App. 310, 326 (2022) ("Procedural-default principles require that the argument asserted on appeal be the same as the contemporaneous argument at trial." (quoting *Bethea*, 297 Va. at 743)).

[11] As Weedon notes on appeal, the jury awarded damages equal to the amount of the invoices plus $20,000.

III.  Failure to Join Samuel Hardesty on Appeal

Weedon assigns cross-error to the circuit court's decision to grant the motion to strike the fraudulent inducement claim against Samuel Hardesty.  We do not consider her assignment of error because she failed to join Hardesty to this appeal.

"To adjudicate an appeal, this Court must have jurisdiction over the appeal itself and the indispensable parties."  *Woody v. Commonwealth*, 53 Va. App. 188, 199 (2008).  "Where one, or both, is lacking, we cannot adjudicate the appeal."  *Id.*  "[A]n indispensable party must be named in the notice of appeal in order to properly perfect the appeal."  *Watkins v. Fairfax Cnty. Dep't of Fam. Servs.*, 42 Va. App. 760, 766 (2004).  Even if "an indispensable party who was a litigant in the trial court has notice that an appeal has been perfected against another litigant [it] is not sufficient to confer [an appellate court's] jurisdiction over the indispensable party against whom no appeal has been properly perfected."  *Id.* (second alteration in original) (quoting *Asch v. Friends of Mt. Vernon Yacht Club*, 251 Va. 89, 93 (1996)).  "Any defect in the notice of appeal that does not touch on its timeliness or the identity of the case to be appealed," including the failure to identify a necessary appellee, "is procedural only."  *Roberson v. Commonwealth*, 279 Va. 396, 407 (2010); *Ghameshlouy v. Commonwealth*, 279 Va. 379, 394 (2010).  An appellee who was not named in the notice of appeal may waive that defect and thereby confer on this Court jurisdiction over him by entering a general appearance in the case.  *See Nicholson v. Commonwealth*, 300 Va. 17, 24 (2021) (holding that the proper appellee waived the appellant's failure to name it as an appellee in the notice of appeal by entering a general appearance in the case).

In this case, Weedon did not file a separate notice of appeal.  Accordingly, her cross-assignment of error depends on the notice of appeal filed by Hardesty Construction, which did not name Samuel Hardesty as a party to the appeal.  Unlike the appellee in *Nicholson*, 300

- 11 -

Va. at 24, Hardesty has not waived the defect in the notice of appeal by entering a general appearance or otherwise participating in these appellate proceedings.[12]  Therefore, we do not have jurisdiction in this appeal over Samuel Hardesty and cannot adjudicate Weedon's cross-assignment of error if he is an indispensable party.  *See Woody*, 53 Va. App. at 199.

"All persons interested in the subject matter of a suit and to be affected by its results are necessary parties."[13]  *Watson v. Commonwealth*, 297 Va. 347, 353 (2019) (quoting *Michael E. Siska Revocable Tr. v. Milestone Dev., LLC*, 282 Va. 169, 173 (2011)).  As Weedon ultimately requests that this Court remand the case to the circuit court for a new trial on her fraudulent inducement claim against Hardesty, he is a necessary party to her appeal.  Consequently, Weedon's failure to join Samuel Hardesty to the appeal and the absence of a waiver preclude our consideration of her cross-assignment of error.  We cannot reach the merits of her claim.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[12] In submitting briefs to this Court, appellant's counsel maintained he represented solely Hardesty Construction on appeal.

[13] "The Supreme Court of Virginia has used the terms 'indispensable parties' and 'necessary parties' synonymously."  *Woody*, 53 Va. App. at 196 (quoting *Watkins*, 42 Va. App. at 765).